BURROWS CONSTRUCTION
COMPANY, an Oklahoma
corporation, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 2 OF STEPHENS COUNTY,
Oklahoma, Appellee.

No. 59670.

Supreme Court of Oklahoma.

July 16, 1985.

Rehearing Denied Sept. 11, 1985.

Newcombe & Redman, Inc. by Ralph W. Newcombe, Lawton, for appellant.

Garvin, Bonney, Weaver & Corley by David L. Benefield, Duncan, for appellee.

LAVENDER, Justice:

Appellant Burrows Construction Company was the successful low bidder on a project to build an addition to the Comanche, Oklahoma schools. It appears that, even at appellant's low bid, the cost of the project exceeded the sums available to appellee School District. Appellee, acting through the School Board, authorized the architect on the project to prepare a proposal altering the plans so that the bid price could be lowered to meet the money available. One of the features of the architect's proposal, which is the focal point of the present controversy, was a suggestion that appellant be appointed purchasing agent for appellee for the purpose of the project. This scheme was to allow appellant's purchases for the project to be exempted from state sales tax.

A special meeting of the School Board was held to discuss the architect's cost-cutting proposals. It appears that the modifications were all clearly adopted except for the suggestion regarding the appointment of appellant as purchasing agent. Appellee maintained that this suggestion was ultimately rejected. Appellant contended that this suggestion was agreed to, and that the construction contract which was subsequently signed reflected the cost savings which were to be passed on to appellee.

The addition which was the subject of the construction contract was successfully completed and appellant was paid according to the terms of the contract. However, appellant later initiated the present action for breach of the alleged agreement to appoint appellant purchasing agent. Appellant alleged that the failure of appellee to honor this agreement had resulted in increased costs to appellant under the construction contract in the amount of $4,588. Appellant claimed this amount as damages resulting from the breach of the alleged agreement.

Trial to the court was held in this case. The trial court found that no agreement to appoint appellant purchasing agent had come into existence and so denied appellant's requested relief. Appellee, as the prevailing party, then filed a motion to assess costs and attorney fees. This motion was heard and the question taken under advisement. By letter, the trial court ruled that this was a proper action for the award of attorney fees and costs and taxed appellant in the amount of $7,127.50 on appellee's behalf..

The present appeal was brought from the order awarding attorney fees and costs to appellee. The case was originally assigned to the Court of Appeals, Division 3, which affirmed the trial court, finding that appellant's action had been to recover for services and thus the award of attorney fees was proper under 12 O.S.1981 § 936.[1] Appellant petitioned for writ of certiorari seeking review of the Court of Appeals' decision. We have previously granted the writ.

In its brief on appeal appellee submits that 12 O.S.1981 § 936, is applicable to the action brought by appellant and that this statute provides authority for the award of attorney fees by the trial court.[2] Appellee's argument on this point is that the payment of sales taxes on the construction project constituted a service performed by appellant, and that appellant's suit was therefore one for services and thus specifically covered by section 936.

---

**1.** 12 O.S.1981 § 936, provides:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

**2.** Under Oklahoma law, as a general rule, the trial court may award attorney fees only when empowered to do so under the terms of an enforceable contract or by statute, *Garner v. City of Tulsa,* 651 P.2d 1325 (Okla.1982); *Goodman v. Norman Bank of Commerce,* 565 P.2d 372 (Okla.1977), or where certain equitable factors exist, *City National Bank & Trust Co. of Oklahoma City v. Owens,* 565 P.2d 4 (Okla. 1977).

Appellee's argument on this point appears somewhat contrived in its characterization of the payment of sales tax on equipment and materials used in the construction of the school addition as a service performed by appellant on appellee's behalf. The sales taxes were a part of the costs incurred by appellant in the completion of the project. The question presented by appellant in this suit was whether appellee had agreed to enter into an arrangement whereby appellant's costs would be reduced by the amount of the sales tax paid. Appellant's suit was based on the claim that such an agreement had been reached and that appellee's failure to keep its end of the bargain had resulted in an increase in appellant's costs on the project in the amount of $4,588. As the construction contract price was fixed at a sum certain, the increase in appellant's costs would result in a corresponding decrease in appellant's profits on the project. We have previously characterized a suit for damages in the form of loss of profits flowing from the breach of an agreement as not being within the contemplation of 12 O.S.1981 § 936.[3]

It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936.[4] If the action is brought for labor and services rendered, the provisions of section 936 apply. If the nature of the suit is for damages arising from the breach of an agreement relating to labor and services the provisions of this section do not necessarily apply.[5] The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.

In the present case it appears that the basis of the suit brought by appellant was for loss of profits occasioned by the breach of the agreement alleged to exist between the parties. The breach of this alleged agreement resulted in an increase in appellant's costs under the construction contract. As such the action did not directly relate to the rendition of labor or services, and was thus not subject to the provisions of section 936.

Appellee has not indicated a specific source for the trial court's authority to award attorney fees in this case other than section 936, and our independent research has failed to produce such authority. Having decided that the trial court lacked authority in this case under section 936 and having found no other source of authority for the order awarding attorney fees, it is apparent that the trial court's order taxing fees to appellant is erroneous and beyond the court's authority. The opinion of the Court of Appeals affirming the trial court's order is vacated and the trial court's order is reversed.

SIMMS, C.J., and OPALA, WILSON, and SUMMERS, JJ., concur.

HODGES, HARGRAVE and KAUGER, JJ., dissent.

---

3. *Ferrell Construction Co., Inc. v. Russell Creek Coal Co.*, 645 P.2d 1005, 1011 (Okla.1982).

4. See *Russell v. Flanagan*, 544 P.2d 510 (Okla. 1975).

5. Id. at 512.