**ABC COATING COMPANY, INC., an Oklahoma Corporation, Appellant,**

v.

**J. HARRIS & SONS LIMITED, Appellee.**

**No. 60351.**

Supreme Court of Oklahoma.

Dec. 16, 1987.

Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Inc., Richard A. Paschal, James E. Green, Jr., Nancy G. Gourley, Tulsa, for appellant.

Rosenttein, Fist & Ringold, James W. Tilly, J. Douglas Mann, Tulsa, for appellee.

1. Verdict and judgment were affirmed on appeal in *ABC Coating v. J. Harris & Sons, Ltd.*, 57 OBJ 1331, 747 P.2d 266, (Okl.1986).

2. *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332 (Okl.1984).

DOOLIN, Chief Justice.

Appellant, ABC Coating Company (ABC) developed a manufacturing process for applying a protective coating to metal bars used in reinforcing concrete. ABC entered into various arrangements with appellee, J. Harris & Sons, Limited (Harris) to enable Harris to use this allegedly secret process in its manufacturing plant in Canada. After some preliminary interaction and negotiations, Harris declined to consummate the agreement and terminated its relationship with ABC.

ABC then brought suit against Harris in the district court of Tulsa County seeking money damages in causes of action for appropriation of trade secrets, fraud, breach of a secrecy agreement and unjust enrichment. The causes were tried to a jury and verdict and judgment were entered for Harris.[1] Following judgment, Harris sought and was granted attorney's fees in the amount of $130,000.

ABC appeals, contending there was no basis in contract or statute to support this award of fees. We agree.

As has been often stated, under the "American Rule" governing the award of attorney fees, a prevailing party may not ordinarily recover attorney fees in the absence of a statute or specific contractual authority.[2] ABC did not plead any express contract in its lawsuit, standing instead on theories which can best be described as being in the nature of quasi or constructive contracts.[3] Without an express contract with specific provisions for the payment of attorney fees, the trial court looked to the statutes and based its award on 12 O.S. 1981 §§ 936 and 940.

While the trial court was correct in its finding that attorney's fees may be awarded under § 936 to the prevailing party in an

3. "Quasi-contracts" or "constructive Contracts" are obligations imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and may be enforced by an action ex contractu. *Anderson v. Copeland,* 378 P.2d 1006 (Okl.1963).

action on quasi-contract,[4] such an award may be made only if the type of contract in question is one of those enumerated in the statute.[5]

Title 12 O.S.1981 § 936 reads as follows:

§ 936. Attorney fees taxed as costs in actions on certain accounts, bills and contracts

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

■ Based on the facts presented at trial, the trial court construed ABC's action to be one to recover on a contract for labor or services and interpreted the language of this section as authorizing an award of fees to the prevailing party. The trial court erred in giving § 936 this interpretation.

We examined the language of this statute in *Russell v. Flanagan*, 544 P.2d 510 (Okl.1975) and particularly addressed the phrase "or for labor or services" when we said,

We believe that the addition of the phrase "or for labor or services" by amendment in 1970 was intended by the legislature to be limited to these situations where suit is brought for labor and services rendered. We believe that an improper and unintended meaning would result if, as appellant contends, this clause were construed to allow attorney fees in the all encompassing field of "contracts related to ..., labor or services."

■ Therefore, in each case it is the underlying nature of the suit itself which determines the applicability of the labor or services provisions of § 936. The question is whether the damages arose directly from the providing of labor or services, such as the failure to pay for those services, or from an aspect collaterally relating to labor or services.[6]

Here ABC pled four theories of error in the trial court; wrongful appropriation of a trade secret, fraud, breach of a written secrecy agreement and unjust enrichment. While, as we have said, the basis for these claims lies in quasi-contract, none of them arose directly from the rendition of labor or services.[7] Any labor or services rendered by ABC were collateral to other, more important aspects of the venture undertaken with Harris and do not therefore qualify for an award of fees under § 936. The trial court's award under this section was in error.

In awarding fees to Harris, the trial court also relied on 12 O.S.1981 § 940.A. which allows an award of attorney's fees, court costs and interest to the prevailing party in any civil action to recover damages for the negligent or willful injury to property.

■ In this case, Harris argues that ABC instituted an action for willful injury to property and the property in question was ABC's trade secrets. While trade secrets and other forms of knowledge and information might constitute "property" in other contexts [8] we have previously addressed the scope of the term "property" as used in § 940.A. in *Woods Petroleum Corp. v. Delhi Gas Pipeline*, 700 P.2d 1011 (Okl.1985). In that case we considered the many definitions and concluded the legislature intended the term "property" for the

---

4. *Welling v. American Roofing & Sheet Metal Co.*, 617 P.2d 206 (Okl.1980).

5. See *Philadelphia Gear Corp. v. Fed Deposit Ins. Corp.*, 587 F.Supp. 294 (D.C.Okl.1974) and cases cited therein.

6. *Burrows Construction Co. v. Independent School District No. 2*, 704 P.2d 1136, 1138 (Okl. 1985).

7. *ABC v. Harris, supra* Note 1.

8. See for example: 60 O.S.1981 §§ 1, 2, "property" includes copyrights, trade marks, good will, etc., and 21 O.S.1981 §§ 1701, 1732, criminal penalty for larceny of personal property also applies to larceny of trade secrets.

purpose of § 940.A. to be used in a restrictive and limited sense. We held that attorney fees recoverable under the provisions of 12 O.S.1981 § 940.A. by the prevailing party contemplate only those actions for damages for the negligent or willful *physical* injury to property.

Inasmuch as Harris shows us nothing which persuades us our holding in *Woods* should not be followed, we find the award herein of attorney's fees under § 940.A. to have been in error.

The judgment of the trial court awarding attorney's fees in this case is REVERSED.

HARGRAVE, V.C.J., and
LAVENDER, SIMMS, OPALA,
WILSON and SUMMERS, JJ., concur.

HODGES, J., dissents.

KAUGER, J., dissents: "I would overrule *Russell v. Flanagan*, 544 P.2d 510 (Okl.1975)."