William H. KAY and Virginia Kay, Appellees,

v.

VENEZUELAN SUN OIL COMPANY, Golden Oil Company, St. Mary Parish Land Company, Anderman Oils Limited, a Limited Partnership, KRM Petroleum Corporation, Wyco Royalty, Phillips Petroleum Company, a corporation, Bigheart Pipe Line Corporation, Sun Production Company, a division of Sun Oil Company, a corporation, Rex Petroleum Company, a/k/a Rex Petroleum Corporation, and Republic Gas & Oil Company, Appellant.

No. 69521.

Supreme Court of Oklahoma.

Feb. 26, 1991.

Thomas M. Klenda, Newton & O'Connor, Tulsa, for appellees.

David E. Strecker, Katie J. Colopy, Conner & Winters, Tulsa, L. Wayne Woodyard, Pawhuska, for appellant.

ALMA WILSON, Justice:

The issue presented is whether the action below is one to recover for labor or services as contemplated by 12 O.S.1981, § 936. We hold that § 936 does not authorize attorney fees in the action below and that the "labor and services" provisions of § 936 authorize attorney fees to prevailing parties in actions for the recovery of money due for labor and services performed, and reaffirm our established rule of strict application of the "labor and services" provisions of § 936.

In 1973, William H. Kay (Kay), Appellee, agreed to evaluate mineral leases and act as consultant on production prospects in Osage County for Golden Oil Company (Golden), Appellant. For these services, Golden agreed to pay Kay $1,000.00 per month plus expenses and to assign to Kay a one percent overriding royalty interest in all leases acquired by Golden for which Kay had rendered consulting services. Kay performed the agreed services in 1973 and 1974. Golden paid Kay the agreed monthly amounts. Golden assigned to Kay and his wife, appellee herein, a one percent overriding royalty interest in the Osage County leases. Dated February 25, 1975, the assignment granted to the Kays an overriding royalty interest in all oil which may be produced, saved and marketed from the described leases. Kay received oil royalty proceeds pursuant to the assignment. In 1976, Kay became aware of the production of casinghead gas on these leases and endeavored to collect the one percent overriding royalty on the casinghead gas production.

When Kay was refused a one percent interest in the gas proceeds, suit was filed seeking an accounting of all proceeds from

the sale of casinghead gas produced from the oil production leases, money judgment for the amount of the gas proceeds due under the overriding royalty assignment and quiet title in and to one percent of the casinghead gas on said leases. Golden moved for summary judgment, asserting that under the specific and unambiguous terms of the assignment, Golden was entitled to judgment as a matter of law.[1] The trial court granted Golden summary judgment.[2]

As prevailing party, Golden moved for an award of attorney fees and other expenses under 12 O.S.1981, § 936. The trial court denied the motion concluding "... this is not 'a civil action to recover on —— a contract for labor or services'." The Court of Appeals reversed and remanded with instructions. We previously granted certiorari.

■ The American Rule is firmly established in this jurisdiction.[3] That is, each litigant bears the cost of his/her legal representation and our courts are without authority to assess and award attorney fees

in the absence of a specific statute or a specific contract therefor between the parties. Exceptions to the American Rule are narrowly defined.[4] Similarly, the mandatory provisions of § 936[5] that the prevailing party in an action to recover for labor and services shall be allowed a reasonable attorney fee are strictly applied.[6]

■ In *Russell v. Flanagan*, the "for labor and services" provisions of § 936 were strictly limited to actions brought to recover for labor and services rendered. We specifically rejected an interpretation of § 936 which would authorize the courts to award attorney fees to the prevailing party in an action alleging injury that was merely related to a contract for labor and services. The controversy in *Russell v. Flanagan* arose from an alleged breach of warranty on the sewer line services rendered. Thus, the nature of the action was for breach of warranty and not for recovery of a money judgment on a debt for labor and services rendered as contemplated by § 936.[7]

1. Appellant designated the entire trial court record on appeal. The petition and amended petition filed in the trial court allege that the parties intended the assignment of the overriding royalty interest would include all production of minerals. This allegation does not refer to the consulting services agreement. Otherwise, neither petition alleges facts relating to the consulting service agreement. Appellant's answers and cross-petition do not allege any facts relating to the consulting services agreement. The summary judgment pleadings assert material facts relating only to interpretation of the assignment of the overriding royalty interest. Golden's summary judgment motion sought a declaration that the written assignment was unambiguous and that its specific terms limited the interest to the oil produced, saved and marketed.

2. Summary judgment was affirmed on appeal in Case No. 68,589, by memorandum opinion, not for publication, Court of Appeals, Oklahoma City Divisions filed May 10, 1988. Petition for certiorari was denied November 1, 1988.

3. *B & P Construction Company v. Wells*, 759 P.2d 208 (Okla.1988); *ABC Coating Company, Inc. v. J. Harris & Sons Limited*, 747 P.2d 271 (Okla.1987); *Holbert v. Echeverria*, 744 P.2d 960 (Okla.1987); and, *City National Bank and Trust Company of Oklahoma City v. Owens*, 565 P.2d 4 (Okla.1977).

4. *Tower Oil & Gas Company v. Paulk*, 776 P.2d 1279 (Okla.1989); *Winters v. City of Oklahoma City*, 740 P.2d 724 (Okla.1987); *Estate of Katschor*, 637 P.2d 855 (Okla.1982); and, *In re Parr's Estate*, 287 P.2d 906 (Okla.1955).

5. 12 O.S.1981, § 936 reads:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

6. *ABC Coating Company, Inc.*, and *Holbert* cases, supra. note 3.; *Burrows Construction Company v. Independent School District No. 2 of Stephens County*, 704 P.2d 1136 (Okla.1985); *Ferrell Construction Co., Inc. v. Russell Creek Coal Co.*, 645 P.2d 1005 (Okla.1982); and *Russell v. Flanagan*, 544 P.2d 510 (Okla.1975).

7. *Russell*, 544 P.2d at 512, supra. note 6. In 1975, the Legislature provided for prevailing party attorney fees in actions for breach of warranty, Okla.Sess.Laws 1975, ch. 168, § 1, codified as 12 O.S.1981, § 939.

In *Ferrell Construction Co., Inc. v. Russell Coal Co.* we again rejected a liberal interpretation of § 936. In that case the subject matter of the action was a contract for strip mining services which had been unilaterally terminated. The relief sought was damages for loss of anticipated profits. In reinstating the trial court's denial of § 936 attorney fees, we said the action was clearly for the recovery of profits and not for labor and services performed.[8]

In *Holbert v. Echeverria*, affirming the trial court denial of Echeverria's § 936 attorney fees motion, we said that § 936 is inapposite if the action is one for damages arising from the breach of an agreement relating to the performance of labor and services; that the gravamen of the action is the breach of the contract to convey improved realty; and, that § 936 is applicable if the action sought recovery for labor and services, as in the case of failure to pay.[9]

Finally, in *ABC Coating Company, Inc. v. J. Harris & Sons Limited*, the trial court granted Harris' request for attorney fees and we reversed. ABC Coating Company sued for damages allegedly caused by breach of agreements for the use of a secret manufacturing process. We said that attorney fees may be awarded only if the action involves the type of contract enumerated in § 936; that none of the involved quasi-contracts arose directly from the rendition of labor and services; and, that any labor and services rendered was collateral to the quasi-contracts.[10]

The revisit of our previous opinions confirms the rule of strict application of the "labor and services" provisions of § 936. And, a plain reading of § 936 in view of the amendatory history commands strict application of the statute.[11] As originally enacted, § 936 authorized the award of attorney fees for collection on an open account, and was subsequently amended to include seven additional specific categories evidencing contractual indebtedness sought to be recovered.[12] Our strict application rule preserves the obvious legislative intent to authorize awards of attorney fees to the prevailing parties in actions for money judg-

---

**8.** *Ferrell*, 645 P.2d at 1011, supra, note 6.

**9.** *Holbert*, 744 P.2d at 966, supra. note 3.

**10.** *ABC Coating*, 747 P.2d at 273, supra. note 3.

**11.** Legislative intent to mandate prevailing party attorney fees in actions brought to enforce executory promises to pay monetary consideration for receipt of property or labor or services is readily discernible from the amendatory history of § 936. The original version of § 936, 1961 Okla.Sess.Laws, p. 64, § 1, mandated allowance of attorney fees in an action on an open account:

In any civil action to recover on an open account the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

In 1967, § 936 was amended to add: statement of accounts, accounts stated, bills, and *written contracts relating to* the purchase or sale of goods, wares, or merchandise, unless otherwise provided by the contract which is the subject of the action. 1967 Okla.Sess.Laws, ch. 135, § 1.

In 1970, § 936 was amended deleting "written" as to contracts relating to the purchase of goods, and adding: note, negotiable instrument, and labor and services. 1970 Okla.Sess.Laws, ch. 282, § 1.

These amendments indicate legislative intent to mandate, "shall be allowed", attorney fees in actions to collect money promised, whether evi-

denced by a promissory note, a negotiable instrument, an account whether for sale of tangible property or labor and services and a bill or a contract for goods sold and delivered.

**12.** Application of § 936 to actions for the collection of monetary consideration promised as payment for the receipt of property, labor or services is consistent with our jurisprudence defining terms utilized in the statute: *Office of Governor—Department of Industrial Development v. Dalton*, 560 P.2d 971, 972 (Okla.1977), defining open account; *Webster Drilling Co. v. Sterling Oil of Oklahoma, Inc.*, 376 P.2d 236 (Okla.1962), defining account stated; *Epperson v. Halliburton*, 434 P.2d 877 (Okla.1967), distinguishing open account from express contract, oral or written; and *United Engines, Inc. v. McConnell Construction, Inc.*, 641 P.2d 1101 (Okla.1980), defining account for services. And, this application is consistent with the Appendix of forms in 12 O.S.Supp.1990, § 2027 and with the similarly worded venue statute, 12 O.S.Supp. 1990, § 142, fixing venue of actions for collection of "... an open account, a statement of account, account stated, written or oral contract relating to the purchase of goods, wares or merchandise, labor or services, or for the collection of any note or other instrument of indebtedness ..." as provided by the general venue statutes or where the debt was contracted.

ments for debts created by the contracts enumerated in the statute. Accord: *Hicks v. LLoyd's General Insurance Agency, Inc.,* 763 P.2d 85, 86 (Okla.1988), wherein the prevailing party for purposes of § 936 was determined by the offer and settlement provisions of 12 O.S.1981, § 1101, expressly applicable to actions for money judgments only; and, *Doyle v. Kelly,* 801 P.2d 717, 720 (Okla.1990), wherein § 936 attorney fees were affirmed in an action on a contract to collect commissions and bonus commissions earned for services rendered.

In support of the claimed attorney fees, Golden contends that the assignment of the overriding royalty interest was given in payment for consulting services rendered and the action is one for collection for services rendered. Clearly, the gravamen of the action below is the interpretation and effect of the language in the executed assignment of the overriding royalty interest. Summary judgment was sought and granted on Golden's assertion that the language in the assignment entitled it to judgment as a matter of law. Indeed, neither Golden nor Kay listed the amount to be paid or due and owing for the consulting services rendered as a material fact, disputed or undisputed, in the summary judgment proceeding. An assignment of an overriding royalty interest is not one of the contracts enumerated in § 936. The action below is only collaterally related to the agreement for labor and services. The district court was without authority to assess and award attorney fees under § 936 in this action and its order denying the motion for attorney fees is therefore affirmed.

OPALA, C.J., LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

HODGES, V.C.J., and SUMMERS, J., concur by reason of stare decisis: *Russell v. Flanagan,* 544 P.2d 510 (Okla.1975).

KAUGER, J., dissents.

KAUGER, Justice, dissenting:

I would overrule *Russell v. Flanagan,* 544 P.2d 510 (Okla.1975) and its progeny.