936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
COUNTY LINE INVESTMENT COMPANY and Wagco Land Development,
Inc., Plaintiffs-Appellants,
v.
Calvin L. TINNEY, Defendant-Appellee.
 No. 90-5169.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1991.
 
 Before TACHA, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The single issue presented in this appeal is whether the district court erred in granting $46,390.00 in attorney's fees to defendant Calvin Tinney in this action to recover costs incurred in closing a sanitary landfill in Wagoner County, Oklahoma. Plaintiffs County Line Investment Company (County Line) and Wagco Land Development, Inc. (Wagco), brought three claims against Tinney, two under CERCLA[1] and one for unjust enrichment under Oklahoma law. The district court granted summary judgment on all claims, which we affirmed. See County Line Inv. Co. v. Tinney, Nos. 89-5118, 89-5119 (10th Cir. May 24, 1991). We now likewise affirm the award of attorney's fees.
 
 BACKGROUND
 
 3
 The factual background of this case is set forth in some detail in our opinion affirming the grant of summary judgment. See County Line Inv. Co., slip op. at 2-5. In this order and judgment, we recite only those facts necessary to our disposition.
 
 
 4
 In March 1982, County Line purchased the property in issue, which was being used as a sanitary landfill. The property was transferred to Wagco, a subsidiary of County Line's parent company, in June 1985. Defendant Tinney was the previous owner of the landfill site. From 1978 through November 1983, the property was leased to third parties who allowed waste containing hazardous substances to be placed in the landfill.
 
 
 5
 In late 1986, plaintiffs initiated proceedings to undertake formal closure of the landfill pursuant to Environmental Protection Agency standards. Wagco contacted Tinney to request he participate, both financially and in developing a closure plan. Tinney declined. County Line and Wagco ultimately completed the closure themselves at a cost of approximately $360,000.00.
 
 
 6
 In June 1988, plaintiffs filed suit against Tinney seeking reimbursement of those monies spent in securing the landfill. The district court granted Tinney's summary judgment motion on all claims. He subsequently filed a motion for attorney's fees pursuant to Okla.Stat. tit. 12, Sec. 936 (1981), which the district court granted upon the recommendation of the magistrate judge.
 
 
 7
 On appeal, plaintiffs assert that section 936 does not allow attorney's fees under the circumstances of this case. In the alternative, they contend the district court erred in failing to apportion the fees between the unjust enrichment claim and the two CERCLA claims, for which fees are not allowed. We review these issues in turn.
 
 
 8
 A. Attorney's fees under Okla.Stat. tit. 12, Sec. 936 (1981)
 
 
 9
 Oklahoma adheres to the American rule, which provides that attorney's fees are not recoverable absent some express statutory or contractual provision. Wieland v. Danner Auto Supply, Inc., 695 P.2d 1332, 1333 (Okla.1984). Of plaintiffs' three claims, only the unjust enrichment claim allows for the potential recovery of attorney's fees. The statutory authority for those fees is found in section 936, which states:
 
 
 10
 In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.
 
 
 11
 Okla.Stat. tit. 12, Sec. 936 (1981) (footnote omitted).
 
 
 12
 The district court held plaintiffs' unjust enrichment cause of action constituted a claim for "labor or services" under this provision. On appeal, plaintiffs argue this ruling is erroneous because the claim was actually for the value of the benefit conferred in closing the landfill, rather than strictly for monies expended in that effort. We disagree.
 
 
 13
 Oklahoma courts have had many opportunities to interpret the "labor or services" language of section 936. In cases invoking this section,
 
 
 14
 it is the underlying nature of the suit itself which determines the applicability of the labor or services provisions of Sec. 936. The question is whether the damages arose directly from the providing of labor or services, such as the failure to pay for those services, or from an aspect collaterally relating to labor or services.
 
 
 15
 ABC Coating Co. v. J. Harris & Sons, Ltd., 747 P.2d 271, 272 (Okla.1987) (citing Burrows Constr. Co. v. Independent School Dist. No. 2, 704 P.2d 1136, 1138 (Okla.1985)).
 
 
 16
 In order to recover under this section, the prevailing party must show "that the claim is for labor or services rendered, not just that the claim relates to the performance of labor or services." Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434 (10th Cir.1990). Thus, in order to recover fees, plaintiffs' unjust enrichment claim must be for "labor or services" rendered in closing the landfill.
 
 
 17
 Although plaintiffs now contend that their unjust enrichment claim was never premised on recovery for labor or services, their complaint reveals otherwise. Paragraph fifteen of that complaint states, in part, "[d]efendant is liable to [plaintiffs] under CERCLA (relating to private cost recovery actions) in an amount not less than $250,000.00 to repay [plaintiffs] the costs expended by them...." Rec.Vol. I, doc. 1 at 4. (Emphasis added.) Likewise, paragraph twenty-two provides, "[p]laintiffs conferred a benefit on Tinney and Tinney has been unjustly enriched thereby in the amount of these costs." Id. at 5. (Emphasis added.)
 
 
 18
 The plain language of the complaint, particularly of the unjust enrichment claim, shows plaintiffs were seeking recovery of the monies they necessarily expended in cleaning up the landfill. We agree with the magistrate judge that it would require putting form over substance to rule otherwise. Despite their current arguments to the contrary, plaintiffs' original complaint reveals this claim as a direct attempt to recover the costs they expended in having the landfill closed. Consequently, we affirm the district court on this issue.
 
 B. Apportionment of attorney's fees
 
 19
 In the alternative, plaintiffs contend the district court should have apportioned the fees between the CERCLA claims and the unjust enrichment claim because fees are generally not allowed on the former. The magistrate judge's recommendation, which the district court adopted, ruled that the three claims were indivisible, thereby justifying recovery of all reasonable fees expended in defending the litigation. We agree.
 
 
 20
 An award of attorney's fees falls within the sound discretion of the trial court, and cannot be disturbed absent a showing of abuse of that discretion. See Allen v. Denver Pub. School Bd., 928 F.2d 978, 986 (10th Cir.1991); Wise v. Johnson Controls, Inc., 784 P.2d 86, 87 (Okla.Ct.App.1989). Here, the district court made a discretionary finding that the claims presented were so intertwined factually as to make it impossible to apportion the fees involved. This finding was well within the discretionary power of the court. See generally Sisney v. Smalley, 690 P.2d 1048, 1051-52 (Okla.1984) (court allowing, but not requiring, that fees be apportioned where the court was able to do so); see also Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc., 835 F.2d 541, 546 (5th Cir.1987) (award of entire fee is appropriate where there was overlapping effort).
 
 
 21
 Consequently, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. In light of our disposition, plaintiffs' motion to reconsider this court's order allowing supplementation of the record and defendant's motion to file a reply brief are DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. Secs. 9601-9675