FILED
United States Court of Appeals
Tenth Circuit

November 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

        Plaintiff-Appellee,

v.

BRITT PAULK INSURANCE
AGENCY INCORPORATED, a
foreign corporation,

        Defendant-Third-
        Party-Plaintiff-
        Appellant,

and

ARGENIA, INC., a foreign
corporation,

        Defendant-Third-
        Party-Plaintiff,

v.

REBSAMEN INSURANCE, INC.,
d/b/a Crockett Adjustment, a foreign
corporation.

        Third-Party-Defendant.

No. 10-7010
(D.C. No. 6:06-CV-00215-JHP)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

(continued...)

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

Britt Paulk Insurance Agency appeals the district court's award of attorney's fees in favor of North American Specialty Insurance Company (NAS). Because neither the applicable Oklahoma statute nor the parties' agreement allows NAS to recover the fees it incurred when it sued Britt Paulk to enforce the agreement's indemnity provision, we REVERSE the judgment of the district court.

I.

The facts of the parties' underlying dispute are more fully described in our decision regarding the merits of NAS's claims against Britt Paulk. *See N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc.*, 579 F.3d 1106, 1109-10 (10th Cir. 2009) (*NAS I*). Britt Paulk is NAS's general agent pursuant to a General Agency Agreement. Certain insureds contacted Britt Paulk about a possible claim, but Britt Paulk failed to notify NAS that the insureds remained interested in making a claim against their NAS policy. *See id.* at 1109. NAS

*(...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ended up settling (for $1.2 million) a bad-faith lawsuit brought by the insureds. *See id.* NAS then sued Britt Paulk to recover the monies it paid the insureds, asserting theories of breach of contract, negligence, and contractual indemnification. *See id.* NAS ultimately prevailed in the litigation. *See id.* at 1110, 1113.

The district court awarded NAS its attorney's fees as part of the judgment against Britt Paulk. But because the district court had not yet determined the amount of fees to be awarded when we decided *NAS I*, we lacked jurisdiction to consider that decision. *See id.* at 1108 n.2. At the conclusion of *NAS I*, we remanded to the district court NAS's motion for attorney's fees incurred on appeal. Ultimately the district court ordered payment to NAS of a total of $272,758 in attorney's fees for both the district-court action and *NAS I*. Britt Paulk now appeals the fee award.

## II.

"In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). "Oklahoma strictly adheres to the American rule concerning fees," which generally requires that fees be authorized by a statute or a contract. *Id.* (quotation omitted); *see also Barnes v. Okla. Farm Bureau Mutual Ins. Co.*, 11 P.3d 162, 178-79 (Okla. 2000). "We review the legal principles underlying an award de

novo," but the reasonableness and amount of a fee award for abuse of discretion. *Combs*, 551 F.3d at 1001.

The district court identified both a statutory and a contractual basis for awarding fees to NAS. The relevant statute is Okla. Stat. tit. 12, § 936, and the relevant contractual provision is Section XXI.A of the General Agency Agreement. We address each of these in turn.

A.

Okla. Stat. tit. 12, § 936 provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The parties agree that the only potentially relevant portion of § 936 is the first-described action, "to recover for labor or services rendered." Britt Paulk contends that NAS's suit merely "relates to" a services agreement, but does not seek to recover for services rendered. Thus, it asserts, the "labor or services" clause does not permit a fee award. NAS counters that it was forced to pay the settlement as a direct result of Britt Paulk's performance of services under the General Agency Agreement, and therefore it is entitled to fees under § 936. Our task is to apply the most recent on-point decisions of the Oklahoma Supreme Court, or, lacking those, to predict how the Oklahoma Supreme Court would

apply Oklahoma law.  *See Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1173-74 (10th Cir. 2008).

Oklahoma strictly construes § 936.  *See Eagle Bluff, L.L.C. v. Taylor*, 237 P.3d 173, 180 (Okla. 2010); *see also Specialty Beverages, L.L.C.*, 537 F.3d at 1184 ("[W]e have previously decided that the Oklahoma Supreme Court narrowly interprets all provisions of § 936.").  The Oklahoma Supreme Court has limited the "labor or services" clause of § 936 to "actions brought to recover for labor and services rendered."  *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991).  It has "specifically rejected an interpretation of § 936 which would authorize the courts to award attorney fees to the prevailing party in an action alleging injury that was merely related to a contract for labor and services."  *Id.*

Relying on *Kay*, this court has concluded that "§ 936 applies only to 'actions for the *collection of monetary consideration promised as payment* for the receipt of property, labor or services.'"  *Specialty Beverages, L.L.C.*, 537 F.3d at 1183 (quoting *Kay*, 806 P.2d at 651 n.12).  "Consistent with this narrow interpretation, the Oklahoma Supreme Court has held that actions for breach of contract for the performance of labor and services do not fit within § 936's narrow confines."  *Id.*; *see also LPCX Corp. v. Faulkner*, 818 P.2d 431, 443 (Okla. 1991) (holding that prevailing party was not entitled to fees under § 936 where it sought damages because the  "services were not accomplished and did not accrue in accordance with the provisions of the contract" (emphasis omitted));

*Hamilton v. Mueller*, 876 P.2d 309, 311 (Okla. App. 1994) ("[T]his lawsuit arose because the agreed services were not performed. The underlying basis of this lawsuit, which alleges numerous causes of action, is 'related to' a contract for labor or services. It is not an action to recover for labor or services *rendered*."). It is clear that NAS's suit was for Britt Paulk's breach of a contract for the performance of labor or services, not an attempt to recover sums promised as payment for labor or services rendered. Accordingly, we cannot rely on § 936 to affirm the fee award.

B.

The district court also cited the parties' General Agency Agreement. Section XXI.A of that agreement provides:

> [Britt Paulk] agrees to indemnify and save [NAS] and its officers, directors, and employees harmless from any damage and against any liability for loss, cost, expenses, fines, penalties, including punitive or exemplary damages, and all cost of defense: (i) resulting from any act, error, or omission, whether intentional or unintentional, by [Britt Paulk] and its officers, directors, employees, and its sub-producers, related to or which arose out of the business covered by this Agreement; or (ii) resulting from any obligation, act, or transaction created or performed by [Britt Paulk] in violation of, in excess of, or in contravention of the power and authority of [Britt Paulk] set forth in this Agreement.

Aplt. App. at 112. Britt Paulk contends that the district court erred when it construed this indemnity provision to extend to the fees that NAS incurred in this enforcement action, because at most under the "cost of defense" provision Britt Paulk would have been liable for the fees that NAS incurred defending itself

against the claims by its insureds.[1]  NAS responds that the plain terms of this indemnification provision obligate Britt Paulk to indemnify NAS for any damage, costs, and expenses incurred by NAS, and that this broad language should include the monies NAS spent in establishing its right to indemnity.

In Oklahoma, an indemnitee ordinarily may not recover the fees it incurs in bringing an action to enforce an indemnity provision.  "As a general rule, an indemnitee is entitled to recover as part of his damages, reasonable attorney's fees.  The allowance of attorney's fees is limited to the defense of the claim indemnified against and does not extend to services rendered in establishing the right of indemnity."  *United Gen. Ins. Co. v. Crane Carrier Co.*, 695 P.2d 1334, 1339 (Okla. 1984).  Thus, under Oklahoma law, "an indemnitee cannot recover attorney fees in a suit to enforce the indemnity contract in the absence of an express contract for such indemnification."  *Id.; see also Cockings v. Austin*, 898 P.2d 136, 141 (Okla. 1995) (holding that the trial court erred in granting attorney's fees incurred in establishing a right to indemnity).  The next question, then, is whether the Oklahoma Supreme Court would determine that the provisions of Section XXI.A qualify as "an express contract for . . . indemnification" of the fees NAS has incurred in bringing this action.

---

[1]     We understand that the district court did not allow NAS to recover the fees incurred in the action with the insureds under the "cost of defense" provision because NAS did not give Britt Paulk proper notice of the action.  That decision was not appealed.

We conclude that Oklahoma would not consider this section as an express contract supporting an award of fees in these circumstances. Oklahoma's cardinal rule when interpreting an indemnity clause, as with all contractual provisions, is "to ascertain the intention of the parties and to give effect to that intention if it may be done consistently with legal principles." *Luke v. Am. Sur. Co. of N.Y.*, 114 P.2d 950, 951-52 (Okla. 1941). As NAS points out, the terms of this provision are very broad. But "[r]egardless of how broad the terms of a contract may be, its terms extend only to those things concerning which it appears the parties intended to contract." *K & K Food Servs., Inc. v. S & H, Inc.*, 3 P.3d 705, 708 (Okla. 2000) (citing Okla. Stat., tit. 15, § 164). And because the terms of Section XXI.A are so broad and general, it is difficult to conclude that they *expressly* contemplate an attorney's fee award for enforcing the General Agency Agreement. *See Nova Research, Inc. v. Penske Truck Leasing Co.*, 952 A.2d 275, 285 (Md. 2008) ("If we were to imply a fee-shifting provision for first party actions, even where the contract does not permit one expressly, the exception would swallow the rule, and the presumption of the American rule disallowing recovery of attorney's fees would, in effect, be gutted.").

The section explicitly refers to attorney's fees only by requiring indemnification of "all cost of defense." Aplt. App. at 112. This provision is consistent with Oklahoma's general rule that an indemnitee may recover the fees incurred in defending itself against the claim for which it is indemnified. *See*

*United Gen. Ins. Co.*, 695 P.2d at 1339; Okla. Stat., tit. 15, § 427(3). But it does not extend to awarding fees for bringing an enforcement action; NAS did not defend this action, but rather brought it as the plaintiff. *See McKissick v. Yuen*, 618 F.3d 1177, 1191 (10th Cir. 2010) ("The plain language of the Agreement makes no mention of costs associated with *prosecuting* claims, only *defending* them."). In light of *United General*'s distinction between costs of enforcement and costs of defense, the failure of Okla. Stat., tit. 15, § 427(3) to address fees incurred in enforcement actions while directing that an indemnity agreement generally be construed to allow an award of costs of defense, and the plain language of Section XXI.A, it is not inconceivable that Britt Paulk agreed to pay NAS's fees for defending itself against indemnified claims without also agreeing to pay fees for enforcing the General Agency Agreement.

NAS directs our attention to *Kelly-Springfield Tire Co. v. Mobil Oil Corp.*, 551 P.2d 671 (Okla. App. 1975), in which the Oklahoma Court of Appeals affirmed an enforcement-related fee award. But in light of *United General* and *Cockings*, both more recent decisions of Oklahoma's highest court, *Kelly-Springfield* is not persuasive. *See Grynberg v. Total, S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008) ("[W]e are not bound by decisions of state intermediate appellate courts when we apply state law in a diversity case.").

In sum, we cannot conclude that the General Agency Agreement provides an adequate basis for awarding the fees NAS incurred in bringing the enforcement action.

III.

Neither Okla. Stat., tit. 12, § 936 nor the parties' General Agency Agreement provides for NAS to recover the fees it incurred in establishing its right to indemnity. The judgment of the district court is REVERSED, and this matter is REMANDED to the district court for further proceedings consistent with this decision. Appellant's motion for leave to file a supplemental appendix is GRANTED.

Entered for the Court

Michael R. Murphy
Circuit Judge