OSCN Found Document:BRISCO v. STATE ex rel. BD. OF REGENTS AGRICULTURAL AND MECHANICAL COLLEGES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BRISCO v. STATE ex rel. BD. OF REGENTS AGRICULTURAL AND MECHANICAL COLLEGES
2017 OK 35
Case Number: 114123
Decided: 05/02/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 35, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

SHONDA LAYNE BRISCO, Plaintiff/Appellee,
v.
THE STATE OF OKLAHOMA, ex rel., THE BOARD OF REGENTS OF AGRICULTURAL AND MECHANICAL COLLEGES, a constitutional state agency, SHELIA G. JOHNSON, ANNA PRESTAMO, JENNIFER PAUSTENBAUGH, and RICH PAUSTENBAUGH, Defendants/Appellants.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION II
APPEAL FROM THE DISTRICT COURT OF PAYNE COUNTY

Honorable Phillip Corley, Trial Judge

¶0 Shonda Layne Brisco entered into an employment agreement with Oklahoma State University, which provided that she would be reappointed contingent on her job performance. She was not reappointed and successfully brought suit for breach of contract. After trial, the district court awarded Brisco attorney fees under 12 O.S. 2011 §936. The State of Oklahoma appealed the award of fees, and the Court of Civil Appeals affirmed. We granted certiorari to address whether fees were authorized under 12 O.S. 2011 §936, and hold that they were not.

COURT OF CIVIL APPEALS OPINION VACATED; 
TRIAL COURT REVERSED.

Stanley M. Ward, Woodrow K. Glass, Scott F. Brockman, Barrett T. Bowers, Norman, Oklahoma, for Appellee.
Brandee R. Hancock, Michael S. Fern, Stillwater, Oklahoma, for Appellants.

Kauger, J.:

¶1 This case involves the interpretation of 12 O.S. 2011 §936, which provides: "In any civil action to recover for labor or services rendered . . . the prevailing party shall be allowed a reasonable attorney fee to be set by the court."[1] The single issue presented is whether §936 authorized an award of attorney fees under the facts of this case. We hold that it does not.

FACTS

¶2 In 2008, the appellee, Shonda Layne Brisco (Brisco/employee) was hired as an assistant professor in the Curriculum Materials Library at Oklahoma State University (OSU). The employment agreement at issue provided that if she performed well for a period of three years, then she would be reappointed to the position for another four. After the conclusion of the contractual term, OSU did not reappoint Brisco and she consequently filed suit.

¶3 Brisco brought a claim for breach of contract against the appellants, the State of Oklahoma and the Board of Regents of Agricultural and Mechanical Colleges. She also brought a claim for intentional interference with contractual relations against four individual OSU employees: Sheila Johnson, Anne Prestamo, Jennifer Paustenbaugh, and Rich Paustenbaugh (collectively OSU). She prevailed on the breach of contract claim, lost on the tortious interference claim, and was awarded $50,000 in damages. Following trial, she moved for attorney fees under 12 O.S. 2011 §936, and the court awarded $49,065.[2] OSU appealed, and the Court of Civil Appeals affirmed. We hold that §936 did not authorize an award of attorney fees, under the facts of this case.

I.
SECTION 936 ONLY APPLIES TO LABOR AND SERVICES RENDERED
AND DOES NOT AUTHORIZE ATTORNEY FEES UNDER THE FACTS
OF THIS CASE.

¶4 This cause turns on the meaning of the word "rendered" in §936. The provision provides in full:

A. In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

B. In any civil action to recover unpaid fees, fines, costs, expenses or any other debt owed to this state or its agencies, as defined pursuant to Section 152 of Title 51 of the Oklahoma Statutes, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs. (Emphasis supplied).

OSU argue that §936 applies only to claims for services that have previously been performed, but not yet paid. In its view, the employee's claim was not to recover for services rendered, but was to recover for services that she would have rendered had her contract had been renewed. The employee, conversely, views the statute more broadly and argues that because of the reappointment provision in her contract, the underlying nature of the suit involves her job performance and is related to the services she rendered.

¶5 Clarifying the meaning of the word "rendered" begins with Russell v. Flanagan, 1975 OK 173, 544 P.2d 510. In Russell, the plaintiff brought a claim for breach of warranty on a labor contract. The plaintiff had hired the defendant to service his sewer line, and the defendant had provided a warranty against further sewer issues within a 90-day period. When the plaintiff allegedly experienced sewer problems within the warranty period, he asked the defendant to fix the problems without charge and the defendant refused. In the resulting trial, the defendant prevailed and moved for attorney fees under §936. The trial court denied fees, and we affirmed.

¶6 At the time it was interpreted in Russell, §936 had not been amended.[3] The provision had a somewhat different structure and did not include the word "rendered." Title 12 O.S. 1971 §936 provided:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs. (Emphasis supplied).

In denying fees, this Court held in Russell that the phrase "for labor or services" should be considered with the initial category of a "civil action" and not with the latter category of a "contract." [4] Relevant here, this Court noted, "We believe that the addition of the phrase 'or for labor or services' by amendment to the statute in 1970 was intended by the legislature to be limited to those situations where suit is brought for labor and services rendered." (Emphasis supplied). After Russell, case law applying §936 focused on whether the damages directly arose from, or were merely collateral to, the labor or services rendered. See, Holbert v. Echeverria, 1987 OK 99, ¶ 20, 744 P.2d 960; Burrows Const. Co. v. Indep. Sch. Dist. No. 2 of Stephens Cty., 1985 OK 57, ¶ 8, 704 P.2d 1136.

¶7 Then in 2002, §936 was amended, and this amendment appears to incorporate the interpretation of the provision found in Russell. Title 12 O.S. 2002 §936[5]

provided:

In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The changes to the provision directly reflect the holding of Russell. The phrase "for labor or services" was moved to correspond to the "civil action" category rather than to the "contract" category, and the word "rendered" was added. The amendment occurred in Enrolled House Bill No. 1939, which provides that the purpose of the amendment was "limiting ability to collect attorney fees to certain lawsuits."[6]

¶8 Case law applying §936 since the amendment has focused on whether the action was to recover for "labor and services,;"[7] whether the fees were "reasonable;"[8] and whether both parties could be the "prevailing party."[9] The issue to which we now turn, whether "rendered" limits recovery to labor or services already completed, is a matter of first impression.

II.
Section 936 Did Not Authorize an Award of Fees.

¶9 It is "firmly established in this jurisdiction" that "each litigant bears the cost of his/her legal representation and our courts are without authority to assess and award attorney fees in the absence of a specific statute or a specific contract therefor between the parties."[10] Any exception to this rule is "carved out with great caution," and any statute authorizing attorney fees is strictly construed.[11] Importantly, attorney fees may only be awarded if the case "falls clearly within the express language of the authorizing statute."[12]

¶10 Statutory interpretation is governed by legislative intent, and legislative intent is ascertained from a statute's plain language.[13] Section 936 uses the word "render" in its past tense: "rendered." A plain reading of the statute thus limits its application to claims where labor or service has already been rendered, and the party who rendered the labor or services sues to recover. This conclusion is given particular force by the amendment to §936 that specifically added the word "rendered," which the statute previously lacked. A reasonable justification for the provision is that one party has expended time and resources by providing labor or services, and the non-paying party has consequently become unjustly enriched.

¶11 In this case, Brisco sought to recover because the alleged breach of contract caused her to suffer economic loss.[14] However, she has been paid in full for all of the wages earned while still working as a librarian, and has not alleged that there have been any services previously rendered for which she was not paid. Therefore, any economic loss that she suffered must be prospective in nature. She sought, justifiably, to recover for services that she would have rendered in the future had OSU reappointed her. But because these services had not yet been rendered, the action was not fee-bearing under §936.

¶12 This Court has already determined that §936 does not authorize fees in an action to recover for anticipated profits in a breach of contract action. In Ferrell Const. Co., Inc. v. Russell Creek Coal Co., 1982 OK 24, ¶ 1, 645 P.2d 1005, the plaintiff and defendant entered into a strip mining agreement. The defendant owned a mining lease and the plaintiff contracted to extract the mine's coal, for which the plaintiff would be paid a set fee per bank yard. After the plaintiff had engaged in substantial and expensive preparation, the defendant canceled the contract, and the plaintiff brought suit to recover the profits it would have made had the contract been performed in its entirety. The plaintiff prevailed, and then sought attorney fees under §936. This Court affirmed the trial court's denial of fees, holding:

No claim is made herein for labor or service performed. It is rather a suit to recover anticipated profits which Ferrell claims it would have realized had Russell not breached the contract. Therefore, neither party will be able to recover an award for attorney fees under 12 O.S.1971, §936 . . . .[15]

In the present case, the Appellee's claim for lost future wages is analogous to the claim for lost future profits in Ferrell. Neither involves labor or services that have been rendered but not yet compensated. Instead, both involve a claim for money that would have been realized in the future had the contract not been breached.

¶13 The Court of Civil Appeals' assertion that "claims for lost wages due to the breach of an individual employment contract are fee-bearing" [16] is consequently incorrect.[17] Although the reappointment provision in employee's contract does mean that her labor was an aspect of the action, this case does not fall "clearly within the express language of the authorizing statute."[18]

¶14 In Holbert v. Echeverria, 1987 OK 99, ¶ 20, 744 P.2d 960, 966, this Court held, "If recovery is sought for labor and services, as in the case of a failure to pay for them, the statute [§936] applies. Its provisions are inapposite if the suit be one for damages arising from the breach of an agreement that relates to labor and services." While the employment contract may have related to the employee's labor or services, that alone is insufficient to permit an award of fees.

CONCLUSION

¶15 Statutes awarding attorney fees are strictly construed because a liberal application of such statutes has a chilling effect on a citizen's open access to the courts.[19] A strict construction of §936 and a plain reading of the statute demonstrates that an award of fees was improper in this case. The statute does not authorize fees in an action to recover for labor or services that are to be rendered in the future.

COURT OF CIVIL APPEALS OPINION VACATED; 

TRIAL COURT REVERSED.

COMBS, C.J., GURICH, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, WYRICK, JJ. concur

REIF, J. dissents

COLBERT, J. not participating

FOOTNOTES

[1] Title 12 O.S. 2011 §936 provides:

A. In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

B. In any civil action to recover unpaid fees, fines, costs, expenses or any other debt owed to this state or its agencies, as defined pursuant to Section 152 of Title 51 of the Oklahoma Statutes, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

[2] 12 O.S. 2011 §936, see note 1, supra.

[3] Section 936 was amended in 2002, and then again in 2011.

[4] As a matter of reasonable statutory interpretation, this conclusion seems particularly dubious. The "for labor or services" language clearly follows the "contract" category. The contrary result was reached by employing the "rule" of statutory construction that "[t]he Court in construing a statute may re-arrange and transpose the various clauses thereof, if necessary to do so in order to arrive at the intent of the legislature as expressed in the statute." The opinion contains no evidence or analysis of any legislative intent, and in any event, there is no room for statutory construction when the legislative intent can be ascertained from the plain language of the statute. George E. Failing Co. v. Watkins, 2000 OK 76, ¶ 8, 14 P.3d 52.

[5] This language remains the same in the current version of §936. The 2011 amendment added a subsection (B), which addresses claims to recover debts owed to the State of Oklahoma. Title 12 O.S. 2011 §936, see note 1, supra.

[6] 2002 O.S.L. 468.

[7] Eagle Bluff, L.L.C. v. Taylor, 2010 OK 47, ¶ 20, 237 P.3d 173, 180.

[8] Spencer v. Oklahoma Gas & Elec. Co., 2007 OK 76, ¶ 7, 171 P.3d 890.

[9] Tomahawk Res., Inc. v. Craven, 2005 OK 82, ¶ 7, 130 P.3d 222.

[10] Boatman v. Boatman, 2017 OK 27, ¶16, --- P.3d ---; EagleBluff, L.L.C. v. Taylor, 2010 OK 47, ¶16, 237 P.3d 173 (quoting Kay v. Venezuelan Sun Oil Co., 1991 OK 16, ¶5, 806 P.2d 648, 650).

[11] Beard v. Richards, 1991 OK 117, ¶12, 820 P.2d 812; Kay v. Venezuelan Sun Oil Co., see note 7, supra.

[12] Cook v. Oklahoma Bd. of Pub. Affairs, 1987 OK 22, ¶ 43, 736 P.2d 140.

[13] State ex rel. Oklahoma State Dep't of Health v. Robertson, 2006 OK 99, ¶ 6, 152 P.3d 875; The Pentagon Academy, Inc. v. Independent Sch. Dist. No. 1 of Tulsa County, 2003 OK 98, ¶ 19, 82 P.3d 587.

[14] Pet. p. 7-8 (Apr. 30, 2012).

[15] Ferrell Const. Co., Inc. v. Russell Creek Coal Co. took place in 1982, before the relevant amendment to §936 in 2002. It, however, took place after Russell v. Flanagan, 1975 OK 173, 544 P.2d 510, discussed supra, which first employed the "rendered" language and controlled until the later amendment, which ultimately adopted Russell's holding.

[16] Brisco v. Oklahoma, OK CIV APP, 114123 (Sep. 18, 2016) p. 10.

[17] In deciding otherwise, the Court of Civil Appeals reasoned that if §936 were limited to situations in which labor had been provided but not yet compensated, 40 O.S. §165.9 renders it redundant. Title 40 O.S. §165.9 provides:

A. Action by an employee to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated for such wages. Any employee, or his representative, shall have the power to settle and adjust his claim for unpaid wages.

B. The court in any action brought under this section may, in addition to any judgment awarded to the plaintiff or plaintiffs, defendant or defendants, allow costs of the action, including costs or fees of any nature, and reasonable attorney's fees. (Emphasis supplied).

This provision, however, is clearly limited to actions brought "by an employee." "Employer" and "employee" are statutorily defined, 40 O.S. §165.1, and therefore a plaintiff would need to make a threshold showing that they are an "employee" before bringing suit under 40 O.S. §165.9. Section 936, on the other hand, applies in "any civil action," and therefore the plaintiff would not have to be an employee. As a consequence, §936 could apply in a situation where 40 O.S. §165.9 may not (e.g. an action brought by an independent contractor), and is therefore not redundant. The employee in this case did not bring suit under 40 O.S. §165.9 because she was not recovering "unpaid wages," but instead recovering for wages she would have been paid in the future.

[18] Cook v. Oklahoma Bd. of Pub. Affairs, see note 12, supra.

[19] Beard v. Richards, see note 8, supra; EagleBluff, L.L.C. v. Taylor, see note 7, supra.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 22, 736 P.2d 140, 58 OBJ 866, Cook v. Oklahoma Bd. of Public Affairs
Discussed
 1987 OK 99, 744 P.2d 960, 58 OBJ 2887, Holbert v. Echeverria
Discussed at Length
 1991 OK 16, 806 P.2d 648, 62 OBJ 785, Kay v. Venezuelan Sun Oil Co.
Discussed
 1991 OK 117, 820 P.2d 812, 62 OBJ 3481, Beard v. Richards
Discussed
 2003 OK 98, 82 P.3d 587, THE PENTAGON ACADEMY, INC. v. INDEP. SCHOOL DIST. NO. 1 OF TULSA COUNTY
Discussed
 2005 OK 82, 130 P.3d 222, TOMAHAWK RESOURCES, INC. v. CRAVEN
Discussed
 2006 OK 99, 152 P.3d 875, STATE ex rel. OKLA. STATE DEPT. OF HEALTH v. ROBERTSON
Discussed
 2007 OK 76, 171 P.3d 890, SPENCER v. OKLAHOMA GAS & ELECTRIC COMPANY
Discussed
 2010 OK 47, 237 P.3d 173, EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed at Length
 1975 OK 173, 544 P.2d 510, RUSSELL v. FLANAGAN
Discussed at Length
 2017 OK 27, BOATMAN v. BOATMAN
Cited
 1982 OK 24, 645 P.2d 1005, Ferrell Const. Co., Inc. v. Russell Creek Coal Co.
Discussed
 2000 OK 76, 14 P.3d 52, 71 OBJ 2662, GEORGE E. FAILING CO. v. WATKINS
Discussed
 1985 OK 57, 704 P.2d 1136, Burrows Const. Co. v. Independent School Dist. No. 2 of Stephens County
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 936, Action on Open Account - Attorney's Fee as Costs
Discussed at Length
Title 40. Labor
 Cite
Name
Level

 40 O.S. 165.1, Definitions
Cited
 40 O.S. 165.9, Actions to Recover Unpaid Wages and Damages - Parties - Costs and Attorney's Fees
Discussed at Length