2006 OK 35

Densi HAWORTH, Special Administratrix of the Estate of Brett Dewayne Haworth, Deceased, Plaintiff/Appellee,

v.

Theodore JANTZEN, individually, and as partner in Jantzen Farm and Ranch Enterprises; Mrs. Theodore Jantzen, individually and as partner in Jantzen Farm and Ranch Enterprises; and Allstate Insurance Company, Defendants,

and

Oklahoma Farm Bureau Mutual Insurance Company, Policy No. 421565031, Policy No. 42165015, Garnishee/Appellant.

No. 101,726.

Supreme Court of Oklahoma.

May 23, 2006.

Rehearing Denied Sept. 11, 2006.

G. Todd Ralstin, Oklahoma City, OK, for Plaintiff/Appellee.

Steve L. Lawson, Oklahoma City, OK, for Garnishee/Appellant.

KAUGER, J.,

¶ 1 The dispositive issue presented on certiorari is whether the trial court properly granted summary judgment when it determined that because certain insurance policy exclusions were ambiguous as matter of law, the contract must be construed against the insurer to provide coverage. The Court of Civil Appeals determined that the policy exclusions were unambiguous and did not provide coverage. We hold that because the policy terms are ambiguous, the insurance contract was properly construed against the insurer and we remand the cause to the Court of Civil Appeals to address the assignments of error left unresolved.

## FACTS

¶ 2 On June 14, 2001, Theodore Jantzen [Jantzen] parked his 2001 Dodge pickup truck in the entry to a wheat field he farmed near Canton, Oklahoma, on State Highway 58A. While backing out of the field, Jantzen collided with Brett Dewayne Haworth [the deceased], who was traveling north on the highway on his motorcycle. Haworth died from his injuries later that same day in a local hospital.

¶ 3 At the time of the accident, Jantzen carried two insurance policies issued by the appellant, Oklahoma Farm Bureau Mutual Insurance Company [Farm Bureau]: a farm and ranch policy with a $500,000 policy limit and an automobile policy with a $250,000 policy limit. The appellee, the deceased's widow and special administrator of his estate, Densi Haworth [Haworth/widow], brought a negligence action against Jantzen on October 23, 2001.

¶ 4 On March 7, 2003, the parties stipulated to a judgment of $775,000 which by its terms, included any interest, costs, or other relief that the court could award. The judgment provided that Jantzen pay $25,000 out of his own pocket, Farm Bureau pay the $250,000 limit of the automobile policy, and that Haworth seek the remaining $500,000 through a garnishment proceeding against Farm Bureau so that coverage under the farm and ranch policy could be determined.

¶ 5 On April 21, 2004, Haworth filed garnishment proceedings seeking the $500,000 limit of the farm and ranch policy, as well as pre-judgment and post-judgment interest, attorney's fees, and costs. The court granted summary judgment to the widow on January 18, 2005, finding that because the farm and ranch policy was ambiguous, it had to be construed against Farm Bureau. The trial court awarded Haworth the $500,000 policy limits, which included pre-judgment interest and attorney's fees.

¶ 6 Farm Bureau appealed and on February 11, 2005, the widow filed a counter-petition insisting that the trial court erred in failing to award her reasonable attorney fees, costs, and post-judgment interest. On November 10, 2005, the Court of Civil Appeals reversed and remanded, determining that the farm and ranch policy unambiguously excluded the pickup driven by Jantzen. We granted certiorari on January 30, 2006.

¶ 7 **BECAUSE THE POLICY TERMS ARE AMBIGUOUS, THE INSURANCE CONTRACT WAS PROPERLY CONSTRUED AGAINST THE INSURER.**

¶ 8 The language in controversy is found in the "EXCLUSIONS" section of Jantzen's farm and ranch policy. The policy provides in pertinent part:

"EXCLUSIONS

Under **PERSONAL LIABILITY—COVERAGE G and MEDICAL PAYMENTS TO OTHERS—COVERAGE H, we** do not cover:

1. **Bodily injury** or **property damage** arising out of the ownership, maintenance, use or negligent entrustment of: . . .

   b.  land motor vehicles subject to motor vehicle registration owned or operated or rented or loaned to an **insured person** . . .

   c.  land motor vehicles, other than golf carts while used for golfing, if the **bodily injury** or **property damage** occurs away from the **insured premises** . . ." [Emphasis in original.]

¶ 9 Farm Bureau argues that the policy unambiguously excludes coverage of the pickup driven by Jantzen. Haworth contends that the policy exclusions are ambiguous and therefore must be construed to provide coverage. We note at the outset that resolution of this cause does not center around any fact question as to where the pickup was precisely located. When Farm Bureau appealed, it asserted that the trial court erred in granting summary judgment based upon a determination that the policy was ambiguous, not that summary judgment was improper because a material fact issue existed regarding whether the accident occurred off of the premises. We need not be concerned with whether the issue was properly raised for appeal, because the fact question of precisely where the pickup was located is not a material fact question relevant to this cause.

¶ 10 At the trial level, Farm Bureau argued that there were not any disputed facts which could preclude summary judgment. Nevertheless, it also insisted that nothing had been shown to suggest that the 1800 acres described on the declarations page included anything more than the Jantzen's home and surrounding land. This assertion is contrary to the declarations page which includes 120 acres in Dewey County, plus an additional 1600 acres of farmland and contrary to Jantzen's affidavit which states his residence consisted of only 120 acres in Dewey County. Farm Bureau presented nothing to support an assertion that the field at issue was not part of the 1800 acres covered on the declarations sheet of the policy as "farm premises."

¶ 11 Farm Bureau also alternatively argued that, although the pickup may have been partially in the field or at the entrance to the field at the time of the accident, the injury occurred at the back of the pickup which was on the highway and as a result,

the accident was excluded by the policy provision which excludes coverage for injuries or damage occurring away from the insured premises. This argument concerning the point of impact being at the back of the pickup ignores the fact that control of the pickup remained with the driver.

¶ 12 Pursuant to 69 O.S.2001 § 1202, an owner of land bound by a highway is presumed to own the property to the center of the road, unless the contrary is shown.[1] A road is generally only an easement for public use and fee simple title is vested in the abutting landowners burdened only by an easement.[2] Farm Bureau did not attempt to rebut this presumption. Accordingly, regardless of whether a portion of the pickup was on the highway and in the entrance to the field, it was in fact located within the premises of the property owner as a matter of law.

¶ 13 An insurance policy is a contract,[3] and a contract is to be construed as a whole, giving effect to each of its parts.[4] The interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law.[5] An insurance contract is ambiguous only if it is susceptible to two constructions on its face from the standpoint of a reasonably prudent layperson, not from that of a lawyer.[6] However, this Court will not indulge in forced or constrained interpretations to create and then construe ambiguities in insurance contracts.[7]

¶ 14 The insurer employs the terms "land motor vehicle" and "land motor vehicles subject to registration" in the policy exclusion in an attempt to limit liability. However, the terms "land motor vehicle" and "land motor vehicle subject to registration" are not defined in the policy. A "vehicle" is statutorily defined as any device in, upon, or by which any person or property may be transported or drawn upon a highway.[8] "Motor vehicle" is statutorily defined as any self-propelled vehicle.[9] "Registration" pertains to the re-

1. Title 69 O.S.2001 § 1202 provides:
   "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown."

2. See, *Town of Reydon v. Anderson*, 1982 OK 92, ¶ 12, 649 P.2d 541; *Bd. of Trustees of Town of Taloga v. Hadson Ohio Oil Co.*, 1978 OK 16, ¶ 13, 574 P.2d 1038.

3. *American Economy Ins. Co. v. Bogdahn*, 2004 OK 9, ¶ 8, 89 P.3d 1051; *Spears v. Shelter Mutual Ins. Co.*, 2003 OK 66, ¶ 4, 73 P.3d 865; *Cranfill v. Aetna Life Ins. Co.*, 2002 OK 26, ¶ 5, 49 P.3d 703.

4. *Bituminous Casualty Corp. v. Cowen Const. Inc.*, 2002 OK 34, ¶ 9, 55 P.3d 1030; *Dodson v. St. Paul Ins. Co.*, 1991 OK 24, ¶ 12, 812 P.2d 372. Title 15 O.S.2001 § 157 provides:
   "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."
   Title 36 O.S.2001 § 3621 provides:
   "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy."

5. *Max True Plastering Co. v. U.S.F. & G. Co.*, 1996 OK 28, ¶ 20, 912 P.2d 861; *Dodson v. St. Paul Ins. Co.*, see note 4, supra; *Harjo Gravel Co. v. Luke–Dick Co.*, 1944 OK 268, ¶ 10, 153 P.2d 112.

6. *Spears v. Shelter Mutual Ins. Co.*, see note 3, supra at ¶ 9; *Cranfill v. Aetna Life Ins. Co.*, see note 3, supra at ¶ 5; *Max True Plastering Co. v. U.S.F. & G. Co.*, see note 5, supra.

7. *Max True Plastering Co. v. U.S.F. & G. Co.*, see note 5, supra.

8. Title 47 O.S. Supp.2005 § 1–186 provides:
   "A. A vehicle is any device in, upon, or by which any person or property is or may be transported or drawn upon a highway excepting devices used exclusively upon stationary rails or tracks.
   B. As used in this title, the term "vehicle" shall not include:
   1. Implements of husbandry, as defined in Section 1–125 of this title;
   2. Electric personal assistive mobility devices, as defined in Section 10114A of this title; or
   3. Motorized wheelchairs, as defined in Section 1–136.3 of this title."
   Because the statute in effect at the time of the accident is substantially similar to the current statute, references are to the current version.

9. Title 47 O.S. Supp 2005 § 1–134 provides:
   "A. A motor vehicle is:
   1. Any vehicle which is self-propelled; or
   2. Any vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails.
   B. As used in this title, the term "motor vehicle" shall not include:

quirement to obtain a certificate or license plate from the state.[10]

¶ 15 In Oklahoma, all motor vehicles, travel trailers, commercial trailers, all-terrain vehicles, and motorcycles must be registered.[11] Pickup trucks are subject to registration in Oklahoma. Adding the adjective "land" to the term "motor vehicle" does not create any further reasonable ambiguity in this case. Taken in their ordinary sense, the terms "land motor vehicle subject to registration" and "land motor vehicle" unambiguously apply to Jantzen's pickup truck.

¶ 16 The ambiguity in the policy language lies in the apparent contradiction of exclusions 1(b) and 1(c). Exclusion 1(b) provides that Farm Bureau will not cover damage arising out of the use of land motor vehicles subject to registration. Exclusion 1(c) provides that Farm Bureau will not cover damage arising out the use of land motor vehicles if the injury or damage occurs away from the insured premises. This language is conflicting, confusing, and ambiguous. An insured could reasonably construe these provisions to mean that coverage of injury or damage arising out of the use of a land motor vehicle is: 1) always excluded; 2) only excluded if the vehicle is subject to registration; 3) only excluded if the injury occurs away from the insured premises; or 4) only excluded if the vehicle is not required to be registered and if the injury occurs away from the insured premises.

¶ 17 If it is not ambiguous, we accept the contract language in its plain, ordinary, and popular sense.[12] When an insurance contract provision is ambiguous, words of inclusion will be liberally construed in favor the insured, and words of exclusion will be strictly construed against the insurer.[13] In construing an ambiguity or uncertainty against the insurer and in favor of the insured, Oklahoma looks to the objectively reasonable expectations of the insured to fashion a remedy.[14] When an insurer desires to limit its liability under a policy, it must employ language that clearly and distinctively reveals its stated purpose.[15]

---

1. Implements of husbandry, as defined in Section 1–125 of this title;
2. Electric personal assistive mobility devices as defined in Section 1–114A of this title;
3. Motorized wheelchairs, as defined in Section 1–136.3 of this title; or
4. Vehicles moved solely by human or animal power."
Because the statute in effect at the time of the accident is substantially similar to the current statute, references are to the current version.

10. Title 47 O.S.2001 § 1–153 provides:
"The registration certificate or certificates and registration plates issued under the laws of this state pertaining to the registration of vehicles."

11. Title 47 O.S.2001 § 1137.3 provides in pertinent part:
"The purchaser of every new motor vehicle, travel trailer or commercial trailer shall register or license the same within thirty (30) days from the date of purchase...."
Title 47 O.S. Supp.2005 § 1115.3 provides:
"A. Except as otherwise provided by this section, all-terrain vehicles and motorcycles used exclusively off roads or highways shall be registered once with the Oklahoma Tax Commission within thirty (30) days after purchase.
B. For all-terrain vehicles or motorcycles used exclusively off roads or highways purchased prior to July 1, 2005, registration, as otherwise required by Section 1115 of Title 47 of the Oklahoma Statutes, shall not be required, but shall be allowed at the option of the owner of the all-terrain vehicle or motorcycle used exclusively off roads or highways.
C. All-terrain vehicles or motorcycles used exclusively off roads or highways owned or purchased by a person that possesses an agricultural exemption pursuant to Section 1358.1 of Title 68 of the Oklahoma Statutes may be registered as provided by this section, but shall not require registration."
Section 1115.3 became effective July 1, 2005. Prior to enactment, registration was not required for off-road all-terrain vehicles.

12. *Cranfill v. Aetna Life Ins. Co.*, see note 3, supra at ¶ 5; *McDonald v. Schreiner*, 2001 OK 58, ¶ 7, 28 P.3d 574; *Littlefield v. State Farm Fire & Casualty Co.*, 1993 OK 102, ¶ 7, 857 P.2d 65.

13. *Spears v. Shelter Mutual Ins. Co.*, see note 3, supra at ¶ 5; *Simpson v. Farmers Ins. Co., Inc.*, 1999 OK 51, ¶ 10, 981 P.2d 1262; *Max True Plastering Co. v. U.S.F. & G. Co.*, see note 5, supra at ¶ 8; *Littlefield v. State Farm Fire & Casualty Co.*, see note 12, supra; *Phillips v. Estate of Greenfield*, 1993 OK 110, ¶ 10, 859 P.2d 1101.

14. *Spears v. Shelter Mutual Ins. Co.*, see note 3, supra at ¶ 6; *Max True Plastering Co. v. U.S.F. & G. Co.*, see note 5, supra at ¶ 7.

15. *Spears v. Shelter Mutual Ins. Co.*, see note 3, supra at ¶ 7; *Max True Plastering Co. v. U.S.F. & G. Co.*, see note 5, supra at ¶ 7.

¶ 18 Construing the motor vehicle exclusion ambiguity in the insured's favor and against the insurer, we determine that the farm and ranch policy does not exclude coverage for Jantzen's personal liability for the deceased's personal injury arising out of the use of the Dodge pickup (a land motor vehicle) occurring on the insured premises. Because the material facts are undisputed, the trial court properly granted summary judgment.

## CONCLUSION

¶ 19 Summary judgment is properly granted when there are no disputed questions of material fact and the moving party is entitled to judgment as a matter of law.[16] When summary judgment involves only legal questions, the standard of review of a trial court's grant of summary judgment is de novo.[17] Insurance contracts are contracts of adhesion.[18] An insurer has the advantage of drafting the contract and holds an uneven bargaining position. Consequently, any ambiguity in the language of the contract must be strictly construed against the insurer.[19] Because the policy exclusions are ambiguous, the trial court properly construed the insurance contract.

¶ 20 However, rather than affirm the trial court judgment, we remand the cause to the Court of Civil Appeals. Rule 1.80(b) of the Oklahoma Supreme Court Rules, 12 O.S.2001 Ch. 15, App. 1,[20] provides that should we vacate an opinion of the Court of Civil Appeals, we may address the matters not decided or remand for determination of issues left unresolved by the Court of Civil Appeals's decision.[21] The Court of Civil Appeals held that the policy exclusions were unambiguous and were dispositive of the issues regarding post-judgment interest, costs and attorney fees raised in the counter-petition. In doing so, it did not visit those issues challenged on appeal. We exercise our discretion to remand the cause to the Court of Civil Appeals, to address the assignments of error left unresolved and we express no view as to the merits of the unresolved issues.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED AND MATTER REMANDED TO COURT OF CIVIL APPEALS FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

WATT, C.J., HARGRAVE, KAUGER, EDMONDSON, COLBERT, JJ., concur.

WINCHESTER, V.C.J., LAVENDER, OPALA, TAYLOR, JJ., dissent.

**16.** *Wathor v. Mutual Assurance Administrators, Inc.*, 2004 OK 2, ¶ 4, 87 P.3d 559; *Oliver v. Farmers Ins. Group of Companies*, 1997 OK 71, ¶ 6, 941 P.2d 985; *Indiana Nat. Bank v. State Dept. of Human Services*, 1993 OK 101, ¶ 10, 857 P.2d 53.

**17.** *Head v. McCracken*, 2004 OK 84, ¶ 3, 102 P.3d 670; *In re Estate of MacFarline*, 2000 OK 87, ¶ 3, 14 P.3d 551; *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051.

**18.** *Spears v. Shelter Mutual Ins. Co.*, see note 3, supra at ¶ 5; *Max True Plastering Co. v. U.S.F. & G. Co.*, see note 5, supra at ¶ 7.

**19.** *Max True Plastering Co. v. U.S.F. & G. Co.*, see note 5, supra at ¶ 8; *Littlefield v. State Farm Fire & Casualty Co.*, see note 12, supra; *Dodson v. St. Paul Ins. Co.*, see note 4, supra.

**20.** Rule 1.180(b), Supreme Court Rules, 12 O.S. 2001 Ch. 15, App. 1, provides:

"**Review of Certiorari.** Issues not presented in the petition for certiorari may not be considered by the Supreme Court. Provided, however, if the Court of Civil Appeals did not decide all of the properly preserved and briefed issues, the Supreme Court may—should it vacate the opinion of the Court of Civil Appeals—address such undecided matters or it may remand the cause to the Court of Civil Appeals for that Court to address such issues. The case will then be decided on the reviewable issue or issues presented in the briefs therefore filed, unless for good cause the filing of additional briefs be then allowed. The Supreme Court may—should it vacate the opinion of the Court of Civil Appeals—address any issue properly raised in the appeal or on certiorari. *Hough v. Leonard*, 867 P.2d 438 (Okla.1993)."

**21.** *Boren v. Thompson & Assoc.*, 2000 OK 3, ¶ 26, 999 P.2d 438; *Hough v. Leonard*, 1993 OK 112, ¶ 15, 867 P.2d 438.