NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,

v.

Wayne A. PRATER; Tonya Prater, Defendants–Appellants,

and

Kid's Kingdom Fitness & Fun, Inc.; Larry W. Rogers; Lorna D. Rogers; Serenity Creek Enterprises, LLC, Defendants.

No. 14–6110.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 2015.

Andrew McAfee Bowman, Larry Dean Ottaway, Foliart, Huff, Ottaway & Bottom, Oklahoma City, OK, Douglas Matthew Kleeman, Jay Russell Sever, Phelps Dunbar, New Orleans, LA, for Plaintiff–Appellee.

Randall K. Calvert, Rabindranath Ramana, Calvert Law Firm, William Gosney,

West & Associates, Oklahoma City, OK, for Defendant–Appellant.

Michael McAtee, McAtee & Woods, Oklahoma City, OK, for Defendant.

Before BRISCOE, Chief Judge, EBEL and TYMKOVICH, Circuit Judges.

## ORDER AND JUDGMENT *

DAVID M. EBEL, Circuit Judge.

Defendants–Appellants Wayne and Tonya Prater appeal the district court's grant of summary judgment to Plaintiff–Appellee Nationwide Mutual Insurance Company ["Nationwide"]. The district court held that Nationwide had no duty to defend Defendant Kid's Kingdom Fitness & Fun, Inc. ["Kingdom"] against the Praters' suit for injuries that Wayne Prater suffered at a birthday party at Kingdom. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. FACTS

The Praters accompanied their children to a birthday party at Kingdom, a gymnastics facility. After joining the children and other parents in gymnastics activities, Wayne Prater jumped from a platform into a foam pit. He broke his back and was paralyzed from the waist down. The Praters[1] then filed suit against Kingdom, Serenity Creek Enterprises, LLC (which owns the building and property where Kingdom operated), and Larry and Lorna Rogers (who co-owned Kingdom), alleging negligence. Nationwide agreed to defend the suit, subject to a full reservation of rights, but contended that because Prater's injuries occurred during a birthday party, and because the policy it issued Kingdom did not cover birthday parties, the injury and ensuing litigation were not covered by the policy.

Nationwide sought a declaratory judgment stating that Kingdom's insurance policy does not cover Prater's claim, and therefore that Nationwide has no duty to defend against Prater's lawsuit or to indemnify its insured against damages resulting from that suit. After the accident, Nationwide sent a letter to Kingdom stating that Kingdom's insurance policy did not cover the claim for Prater's injuries. The policy Kingdom purchased was sold as "gymnastics and cheerleading insurance," and the application form required Kingdom to answer questions about which specific gymnastics-related activities it engages in. The four-page form included a half-page section for "Ancillary Activities and Birthday or Social Party Coverage" that stated:

> Please select all of the activities you may have and report the total number of registered members and/or the number of separately enrolled participants in each of the activities listed below. The total number of birthday or social parties you may have at your facility on an annual basis should be reported.

Aplt. App. 648. This form had a box labeled "Birthday or Social Parties (Report # of parties annually)." Kingdom neither selected that box nor listed the annual number of parties it hosted.

The district court, on cross-motions for summary judgment, granted Nationwide's motion for summary judgment and denied

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. For simplicity, we sometimes use "Prater" or "the Praters" to refer to Wayne and Tonya Prater collectively.

the Praters' motions for summary judgment because

the insurance policy in question provides that there is no coverage for birthday parties unless the insured has reported birthday parties as part of its operations, the insurer has approved coverage for birthday parties, and the applicable premium for birthday party coverage has been paid by the insured. Because the evidence in this case establishes that none of these things happened prior to Defendant Wayne Prater's injuries, which occurred during a birthday party held at Defendant Kid's Kingdom, the insurance policy in question does not cover the claim for Defendant Wayne Prater's injuries.

Aplt. App. 1096–97.

## II. POLICY EXCERPTS

The relevant provisions of Kingdom's insurance policy are excerpted below and categorized according to whether they are definitions, coverage provisions, limitations, or exclusions.

### A. *Definitions*

"Bodily injury" means "bodily injury ... sustained by a person...." Aplt. App. 48.

"Occurrence" means "an accident...." Aplt. App. 50.

"Participant" means "a person practicing, instructing or participating in any physical exercises or games, sports, or athletic contests...." Aplt. App. 64.

"Suit" means "a civil proceeding in which damages because of 'bodily injury' ... to which this insurance applies are alleged." Aplt. App. 51.

"Wrongful act" means "any negligent act, negligent error, negligent omission, or negligent breach of duty in the discharge of covered activities or operations of the named insured. Any negligent act, negligent error, negligent omission, or negligent breach of duty arising out the same or related facts, circumstances, situations, transactions or events shall be deemed as arising out of the same 'wrongful act.' "
Aplt. App. 73.

### B. *Coverage Provisions*

#### *Commercial General Liability Coverage Form* [2]

SECTION I—COVERAGES

COVERAGE A BODILY INJURY ... LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" ... to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" ... to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

b. This insurance applies to "bodily injury" ... only if:

(1) The "bodily injury" ... is caused by an "occurrence" ...;

(2) The "bodily injury" ... occurs during the policy period....

#### *Professional Liability Coverage* [3]

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

---

**2.** Aplt. App. 37.

**3.** Aplt. App. 72.

A. Insurance does not apply to Professional Liability under the COMMERCIAL GENERAL LIABILITY COVERAGE PART except as provided in Coverage G.

B. The following is added to SECTION I—COVERAGES:

COVERAGE G—PROFESSIONAL LIABILITY

1. INSURING AGREEMENT

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for "wrongful acts" to which this insurance does not apply. We may, at our discretion, investigate any "wrongful act" and settle any claim or "suit" that may result....

*Legal Liability to Participants*[4]

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A. Additional Exclusions

1. SECTION I—COVERAGES, COVERAGE A BODILY INJURY ... LIABILITY, 2. Exclusions, The following is added:

q. Participants

"Bodily Injury" to a "participant"

B. SECTION I—COVERAGES, The following is added:

COVERAGE D—LIABILITY TO "PARTICIPANTS"

1. Insuring Agreement.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to any "participant". We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

C. *Limitations*

**Limitation of Coverage to Designated Premises, Activities or Operations**[5]

This endorsement modifies insurance provided under the following:

ALL LIABILITY COVERAGES

This insurance applies only to:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The activities or operations shown in the Schedule.

SCHEDULE

Premises: [6]

Activities or Operations:

Your covered operations consist of premises, operations and activities involving registered participants for those sport(s) and/or activity(s) under your direct supervision or organized by you and

---

**4.** Aplt. App. 63–64.

**5.** Aplt. App. 66.

**6.** The "Premises" section is left blank. A separate "Limitation of Coverage to Designat-

ed Premises, Activities or Operations" form, Aplt. App. 68, lists "Swimming pool premises—As reported and on file with the company" under "Premises," while leaving the "Activities or Operations" section blank.

which you have reported to the company along with any ancillary event or activity held directly with that sport(s) or activity(s) at your location(s) or at approved off-site locations on your behalf.

If reported, approved and the applicable premium has been paid, covered operations include birthday/social party(s) supervised by you and related to the above described operations and activities.

If reported, approved and the applicable premium has been paid, covered operations also include hosted meets, competitions or events supervised and organized by you in which both registered and non-registered participants participate.

### D. *Exclusions*

#### *Exclusion—Designated Operations* [7]

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SCHEDULE

*Description of Designated Operation(s):*

. . .

Your operations as a sports complex or multi-purpose facility, except for those sport(s) and/or subsidiary activities you have reported, paid for, and that have been approved by the program administrator;

. . . .

This insurance does not apply to the operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others . . . .

7.  Aplt. App. 53.

### III.  STANDARD OF REVIEW

We review the district court's order granting summary judgment *de novo. See Koch v. City of Del City*, 660 F.3d 1228, 1237 (10th Cir.2011). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). In making that determination, a court must view the evidence in the light most favorable to the nonmoving party. *Koch*, 660 F.3d at 1238.

Because this court is sitting in diversity, we interpret the insurance policy in accordance with the law of Oklahoma, the forum state. *See Sapone v. Grand Targhee, Inc.*, 308 F.3d 1096, 1100 (10th Cir.2002). "We must apply the most recent statement of state law by the state's highest court," and "where no state cases exist on a point, we turn to other state court decisions, federal decisions, and the general weight and trend of authority." *Id.*

### IV.  ANALYSIS[8]

"An insurance policy is a contract, and a contract is to be construed as a whole, giving effect to each of its parts." *Haworth v. Jantzen*, 172 P.3d 193, 196 (Okla. 2006) (footnote and citations omitted). "In reviewing a provision of an insurance contract, the court should not use a forced or strained construction, take a provision out of context, or narrowly focus on a provision so as to import a more favorable consideration to either party than that expressed in the contract." *Haberman v. Hartford Ins. Grp.*, 443 F.3d 1257, 1265 (10th Cir.2006) (citations, alterations, and quotation marks omitted) (quoting Oklahoma cases).

8.  We address only arguments that were specifically raised before us on appeal.

Insurance contracts are contracts of adhesion that are "liberally construed, consistent with the object sought to be accomplished, so as to give a reasonable effect to all of [their] provisions, if possible." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla.1991). "[A]ny ambiguity in the language of the contract must be strictly construed against the insurer." *Haworth*, 172 P.3d at 198. However, the application of the strict construction rule in favor of the insured must still be "consistent with the parties' intentions." *Dodson*, 812 P.2d at 376–77. An insurance policy should be "fairly constructed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result." *Id.* at 376 (quoting *Wiley v. Travelers Ins. Co.*, 534 P.2d 1293, 1295 (Okla. 1974)).

> An insurance contract is ambiguous only if it is susceptible to two constructions on its face from the standpoint of a reasonably prudent layperson, not from that of a lawyer. However, this Court will not indulge in forced or constrained interpretations to create and then construe ambiguities in insurance contracts.... If it is not ambiguous, we accept the contract language in its plain, ordinary, and popular sense.

*Haworth*, 172 P.3d at 196–97 (footnote and citations omitted).

The first step in interpreting an insurance contract is to consider whether the event at issue is covered by the "general declaration of insurance coverage, as established by the insurance policy and limited by its provisions." *Dodson*, 812 P.2d at 377. If the event is covered under the general declarations of coverage or an endorsement, then the court considers whether it is nevertheless excluded from coverage by any policy exclusions. *Id.* Accordingly, we address each disputed provision separately to inquire whether it

adds or removes coverage for Prater's injury.

A. *Prater's injury is not covered by the Commercial General Liability Coverage Form ["Coverage Form"].*

Prater argues that his injuries are covered under the broad terms of the Coverage Form. There, the policy states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" ... *to which this insurance applies.* We will have the right and duty to defend the insured against any "suit" seeking those damages. *However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" ... to which this insurance does not apply.* We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Aplt. App. 37 (emphasis added).

Thus, the Coverage Form is limited by its statement that the insurer will pay only for bodily injures "to which this insurance applies." We must look elsewhere to determine whether Prater's injury is one "to which this insurance applies."

B. *Under the "Limitation of Coverage to Designated Premises, Activities or Operations" ["Limitation"] provision, birthday parties are not covered unless the insured has reported that it hosts such parties.*

The part of the policy most relevant in this case is the Limitation provision. The Limitation states, in relevant part, that the insurance applies only to (1) the "ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises" and (2) "[t]he activities or operations shown in the Schedule." Aplt. App. 66. The form's Schedule has a section for

"Premises" which lists no premises, so part (1) of the Limitation has no effect. However, the Schedule does list "Activities or Operations" as follows:

> Your covered operations consist of premises, operations and activities involving registered participants for those sport(s) and/or activity(s) under your direct supervision or organized by you and which you have reported to the company along with any ancillary event or activity held directly with that sport(s) or activity(s) at your location(s) or at approved off-site locations on your behalf.
>
> If reported, approved and the applicable premium has been paid, covered operations include birthday/social party[s] supervised by you and related to the above described operations and activities.

The district court held, and we agree, that under the plain language of Part (2) of the Limitation, the policy "only covers birthday parties 'if reported, approved and the applicable premium has been paid.'" Aplt. App. 1090 (alteration omitted).[9] Because Kingdom did not report, receive approval for, or pay an additional premium for birthday party coverage,[10] injuries occurring at such parties are not covered.

Prater argues that the term "premises" triggers coverage of Prater's injuries because Prater's lawsuit is based upon a theory of "premises liability"—that is, Prater alleges that Kingdom failed to exercise reasonable care over its premises with respect to Prater, an invitee. The crux of Prater's argument is that because the policy included general premises liability coverage, the fact that Kingdom did not select "Birthday or Social Parties" on its application form or pay for coverage of such parties is irrelevant.[11]

We disagree. Although the Schedule covers "premises," it does so only insofar as the premises are used in an activity "involving registered participants for those sport(s) and/or activity(s) ... which you have reported to the company...." Aplt. App. 66. Kid's Kingdom did not report that its activities included hosting birthday parties, and the Limitation unambiguously states that unreported activities are not covered. The Limitation then goes on to include birthdays and social parties *only if* they have been "reported" and "approved," and "the applicable premium has been paid."

### C. Neither the "Legal Liability to Participants" endorsement nor the "Professional Liability Coverage" endorsement add coverage that would encompass Prater's injuries.

Prater contends that even if his injury were not covered under the general provisions of the policy, such coverage is added by either of two endorsements: the Legal Liability to Participants endorsement and

9. In Kingdom's policy, the application form is implicitly incorporated into the policy insofar as the scope of coverage depends upon which activities Kingdom reported in the application form and for which it obtained approval and paid a premium.

10. The evidence shows that whether the insured hosts birthdays and social parties affects the risk exposure of the insurer and is factored into the calculation of the premium. *See* Aff. of Caroline Florez ¶¶ 13–14 (Aplt. App. 634).

11. Prater argues that it is significant that the policy does not define "birthday parties," thereby potentially excluding a wide range of meritorious claims (e.g., that of an electrician who is repairing a light while the birthday party is occurring). It is undisputed that Prater's injury occurred at a birthday party and within the scope of that birthday party's activities, and the parties do not contest the meaning of the term "birthday party," so the fact that the policy does not define the term "birthday party" is of no significance.

Professional Liability Coverage endorsement. We disagree.

The Legal Liability to Participants endorsement (Aplt. App. 63–64) modifies the Commercial General Liability Coverage Form by adding coverage for bodily injury to a "Participant," defined as "a person practicing, instructing or participating in any physical exercises or games, sports, or athletic contests...." Aplt. App. 64. Prater alleges that he was participating in physical exercises when he was injured, so he was a "Participant." But the endorsement, like the Coverage Form it modifies, excludes a duty to defend for damages "to which this insurance does not apply." Aplt. App. 63.

Similarly, the policy's "Professional Liability Coverage" endorsement does not add coverage for Prater's injury. That endorsement, too, is limited by the phrase *"to which this insurance applies."* Aplt. App. 72 (emphasis added). It further states, in language paralleling that of the Legal Liability to Participants endorsement and the Coverage Form: "However, we will have no duty to defend the insured against any 'suit' seeking damages for 'wrongful acts' to which this insurance does not apply." *Id.*

Because the insurance does not apply to injuries occurring at birthday parties when the insured did not report that it hosts such parties, did not obtain Nationwide's consent, and did not pay the applicable premiums, neither of these endorsements add coverage that would encompass Prater's injuries.

D. *Even if the policy's coverage provisions covered birthday parties not reported to or approved by Nationwide, the Designated Operations Exclusion ["Exclusion"] would exclude coverage for such parties.*

Under the Exclusion, the insurance did not cover any of Kingdom's "operations as a sports complex or multi-purpose facility" unless those operations were "reported, paid for, and ... approved by the program administrator." Aplt. App. 53. Birthday parties were part of Kingdom's "operations" and did not meet any of the Exclusion's three requirements—they were not reported to Nationwide, approved by Nationwide, or paid for with a higher or separate premium. They were therefore not covered.

Prater argues that the Exclusion does not apply to his lawsuit because he is suing on a premises liability theory, and the exclusion refers only to "operations" and not to "premises." This is the same "premises liability" argument that Prater raised in the context of the Limitation, and it fails for the same reasons. The insurance covers Kingdom's "premises" only insofar as the premises are used in an activity the insured has "reported" and "paid for," and "that [has] been approved by the program administrator." Aplt. App. 53.[12]

E. *Prater's "reasonable expectations" argument is waived, and even if it were not waived, it is meritless.*

■ Finally, Prater argues that his injury is covered under Oklahoma's "reasonable expectations" doctrine, which provides that "if the insurer or its agent creates a

---

**12.** Prater's reliance upon *Western Heritage Insurance Co. v. Chava Trucking, Inc.,* 991 F.2d 651 (10th Cir.1993) is misplaced. In *Chava Trucking,* unlike in this case, the insured purchased and paid for insurance for the activity out of which the injury arose. Specifically, Chava Trucking purchased additional coverage for injuries to "truckmen," and the injury in that case arose out of a truck accident. *See id.* at 654. In that context, we held that an automobile exclusion did not negate the coverage provided by the later-purchased trucking insurance, as such an interpretation would effectively "nullif[y]" the grant" of coverage. *See id.* at 656.

reasonable expectation of coverage in the insured which is not supported by policy language, the expectation will prevail over the language of the policy." *Max True Plastering Co. v. U.S. Fid. & Guar. Co.,* 912 P.2d 861, 864 (Okla.1996). Prater waived that argument by failing to raise it below. Prater's co-defendant Kingdom, which did raise it below, did not appeal, and Prater never adopted Kingdom's argument.

Even if Prater had not waived the reasonable expectations argument, however, it would fail on the merits. The policy as a whole cannot reasonably be understood as indicating an objective intent to cover birthday parties, because Kingdom neither reported to Nationwide that it hosted such events nor paid for such coverage, even though the application form specifically asked about birthday parties and the policy specifically included birthday parties only if they were reported and paid for by Kingdom and approved by Nationwide.

## V. CONCLUSION

The policy Kingdom purchased, construed as a whole, did not cover lawsuits arising out of injuries occurring at birthday parties because Kingdom did not report that it hosted such parties, obtain approval from Nationwide for such parties, or purchase coverage for such parties. We sympathize with the Praters because it is not their fault that Kingdom was underinsured for the events it was hosting. But the policy as a whole is unambiguous, and we must enforce contracts as written if the parties' objective intent is clear. Because Nationwide has no obligation to indemnify Kingdom or the other defendants for Prater's injuries, we AFFIRM the district court.