SUBURBAN REALTY CO. v. CANTLEY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SUBURBAN REALTY CO. v. CANTLEY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SUBURBAN REALTY CO. v. CANTLEY
2021 OK CIV APP 27
Case Number: 118948; Comp. w/118349
Decided: 05/27/2021
Mandate Issued: 06/30/2021
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2021 OK CIV APP 27, __ P.3d __

 

 In the Matter of the Application of SUBURBAN REALTY CO., INC., for the vacation of Lot Use Restrictions contained in Paragraph D.1. of the Plat & Deed of Dedication for Country Crossing, an Addition to the City of Bixby, in part of the Northeast Quarter of Section 36, Township 18 North, Range 13 East, of the Indian Base and Meridian, Tulsa County, State of Oklahoma, according to the U.S. Government Survey thereof, Appellant,
 
 v.
 
 PAMELA CANTLEY, DOUGLAS RAINWATER, JASON KNAPP, DONALD L. MOREHOUSE, SUSAN C. MOREHOUSE, LYLE ARBUCKLE and DONNIE CALHOUN, Appellees.
 

 APPEAL FROM THE DISTRICT COURT OF
 
 TULSA COUNTY, OKLAHOMA
 
 HONORABLE JEFFERSON D. SELLERS, TRIAL JUDGE
 

 AFFIRMED
 

 Larry D. Leonard, J. Schaad Titus, TITUS HILLIS REYNOLDS LOVE, P.C., Tulsa, Oklahoma, for Appellant
 
 Stephen P. Gray, STEPHEN P. GRAY & ASSOCIATES, Broken Arrow, Oklahoma and
 
 Mickey K. Leslie, LESLIE & ASSOCIATES, PLLC, Tulsa, Oklahoma, for Appellees
 

 
 JANE P. WISEMAN, PRESIDING JUDGE:
 
 
 ¶1 Suburban Realty Co., Inc., appeals the trial court's denial of its application to assess attorney fees and costs. After review, we find no error and affirm the trial court's order.
 
 BACKGROUND
 
 ¶2 The facts of this case on appeal are fully set out in Companion Case No. 118,349. We will recapitulate those facts as needed to address the post-judgment issues raised in this companion case.
 
 ¶3 Mr. and Mrs. L. C. Neel owned a tract of land which was platted in 1966 as Southwood Extended Addition. The Plat established residential lots and a single commercial lot, Block 9, on the tract's northeast corner. Block 9 was specifically exempted from residential restrictions by the Deed of Dedication. The Southwood Extended Addition was re-platted in 1989 as the Country Crossing Addition to the City of Bixby, Oklahoma. The new Plat kept Lot 1, Block 9, consisting of just under two acres, as established in the former Plat. Lot 1, Block 9's zoning designation on the Plat is CS or "commercial shopping," and this CS zoning preceded the filing of the new Plat.
 
 ¶4 After forming Suburban Realty Co. as the sole stockholders, the Neels conveyed the real estate in the Addition to Suburban. Lot 1, Block 9 has been used over the past few years for commercial purposes. After Suburban entered into a contract to sell Lot 1, Block 9 for use as a convenience store, a title examination revealed that paragraph D.1. of the Deed of Dedication for Country Crossing Addition provides: "No lot shall be used for business or professional purposes of any kind or for any commercial or manufacturing purpose."[1]
 
 ¶5 We noted that Suburban filed this action to reform the Deed of Dedication to insert "residential" before "lot" in paragraph D.1 and also amended its petition to request vacating the Plat as to Lot 1, Block 9. Suburban relied on 11 O.S.2011 §§ 41-111 to 114, 42-101(2), and 42-102 as authority to reform the Deed of Dedication or vacate the Plat as to Lot 1, Block 9.
 
 ¶6 The trial court found that the all-inclusive language in paragraph D.1 of the Deed of Dedication was a mistake. The court reformed this paragraph of the Deed of Dedication by inserting the word "residential" so that the sentence reads: "No residential lot shall be used for business or professional purposes of any kind or for any commercial or manufacturing purpose."
 
 ¶7 Homeowners Pamela Cantley, Douglas Rainwater, Jason Knapp, Donald J. Morehouse, Susan C. Morehouse, Lyle Arbuckle, and Donnie Calhoun appealed the judgment entered in favor of Suburban Realty Co., Inc. Suburban counter-appealed the trial court's refusal to vacate the Plat as to Lot 1, Block 9, but urged that this issue would be moot if the reformation of the Deed of Dedication were upheld on appeal. In Companion Case No. 118,349, we affirmed the reformation by the trial court and accordingly found the denial of the request to vacate the Plat to be moot.
 
 ¶8 Suburban filed an "Application to Assess Costs and Attorneys' Fees" pursuant to 60 O.S.2011 § 856. After a hearing, the trial court denied Suburban's application finding that § 856 did not apply to Suburban's request for fees and costs. Suburban appeals from the trial court's denial of this request.
 
 STANDARD OF REVIEW
 
 ¶9 The issue of whether Suburban's claim entitled it to an award of fees and costs pursuant to 60 O.S.2011 § 856 as requested by Suburban is an issue of law which we review de novo. Finnell v. Seismic, 2003 OK 35, ¶ 7, 67 P.3d 339.
 
 ANALYSIS
 
 ¶10 Suburban asserts on appeal that the trial court erroneously determined that 60 O.S.2011 § 856 does not apply to its application for attorney fees and costs. We conclude, as the trial court did, that § 856 does not apply, and we affirm the trial court's decision.
 
 ¶11 A litigant's right to recover attorney fees in Oklahoma is controlled by the American Rule. Barnes v. Oklahoma Farm Bureau Mut. Ins. Co., 2000 OK 55, ¶ 46, 11 P.3d 162. The American Rule "provides that courts are without authority to award attorney fees in the absence of a specific statute or a contractual provision allowing the recovery of such fees, with certain exceptions." Id. "Statutes allowing the award of attorney fees are strictly construed." Comanche Nation of Oklahoma ex rel. Comanche Nation Tourism Ctr. v. Coffey, 2020 OK 90, ¶ 24, 480 P.3d 271.
 
 ¶12 Suburban sought attorney fees and costs pursuant to 60 O.S.2011 § 856, which states:
 
 Any person owning property in a real estate development shall be entitled to bring action against any other person owning property in such development to enforce any of the restrictions or covenants of the real estate development which are specified by the covenants or restrictions. In any action to enforce any restriction or covenant pursuant to the provisions of this section, the prevailing party shall be entitled to recover reasonable attorney's fees to be fixed by the court, which shall be taxed as costs in the action.
 
 (Emphasis added.) A review of the record on appeal and of our Opinion in Case No. 118,349 shows that the underlying action was not one to enforce any restriction or covenant of the real estate development as provided in § 856, but instead was one to reform the Deed of Dedication due to mistake.
 
 ¶13 In the underlying case, we agreed with the trial court that a mistake was made in using the all-inclusive language in paragraph D.1. In that Opinion, we said:
 
 This conclusion is evident not only from the testimony, but also from the Plat and Deed of Dedication. When they are considered together, as they must,[2] it is clear that Lot 1, Block 9 is not a residential lot and was never intended as such. The D.1. limitation on all lots makes no sense when the Plat is examined; it does show Lot 1, Block 9 to be a tract segregated from the residential tracts and zoned CS, with an actual configuration consistent with the Plat. On-the-ground inspection shows Lot 1, Block 9 is segregated from and varies greatly from the remaining residential tract as to size and configuration. The pre-existing CS designation and Lot 1's location on the arterial streets' intersection will either preclude residential use or require regulatory approval for residential use.
 
 ¶14 Citing Haworth v. Jantzen, 2006 OK 35, ¶ 13, 172 P.3d 193, we noted that "[c]onsidering the Plat and Deed of Dedication together creates ambiguity because two inconsistent results are possible for Lot 1, Block 9." We said, "If the two documents are viewed independently, the ambiguity is latent, but it becomes apparent when they are considered together in light of the transaction involved here. See Ryan v. Ryan, 2003 OK CIV APP 86, ¶ 14, 78 P.3d 961. The presence of ambiguity requires the court to resolve its meaning by determining what was intended."
 
 ¶15 We noted that 11 O.S.2011 § 42-106.1 addresses amendments to restrictive covenants and that, "An amendment is a revision, alteration, or change to the original instrument." By way of contrast, we further stated:
 
 Section 42-106.1, however, addresses amendments to restrictive covenants. An amendment is a revision, alteration, or change to the original instrument. Reformation is not a revision, alteration, or change. See Oklahoma Oncology & Hematology, P.C. v. US Oncology, Inc., 2007 OK 12, ¶ 29 & n. 22, 160 P.3d 936 (distinguishing an action for reformation and a request to amend the agreement). Reformation does not change or amend the agreement. Dennis v. American-First Title & Trust Co., 1965 OK 129, ¶ 14, 405 P.2d 993 ("'Relief, by way of reformation of written instruments which may be had under proper circumstances in a court of equity is limited to making the writing speak the former agreement of the parties, and the court cannot make a new or different contract for the parties.'")(emphasis added) (quoting Tuloma Pipe & Supply Co. v. Townsend, 1938 OK 151, ¶ 0, 77 P.2d 535 (syl. no. 2 by the Court)). There must exist a "'preliminary agreement, a prior contract, either written or verbal, by which to make the rectification, or to which the instrument can be conformed.'" Dennis, 1965 OK 129, ¶ 13 (quoted citation omitted).
 
 
 
 Mutual mistake is pertinent to the remedy of reformation. Reformation is a remedy to "conform a written contract to the parties' antecedent agreement" when the written contract "differs from the antecedent expressions on which the parties based their agreement."
 
 
 
 
 Amundsen v. Wright, 2010 OK CIV APP 75, ¶ 11, 240 P.3d 16 (quoting Oklahoma Oncology & Hematology, P.C., 2007 OK 12, n. 22).
 
 
 ¶16 We found § 42-106.1 did not apply to the action to reform paragraph D.1., concluding, "There is a pre-existing, antecedent contract whose language does not conform to the intent and understanding as to the commercial designation of Lot 1, Block 9." We held, "[j]ust as the trial court concluded, the all-inclusive language in paragraph D.1. above is a mistake, and the requisites for application of the remedy of reformation are present."
 
 ¶17 "The controlling principle in determining whether a statute authorizing attorney fees applies to a particular proceeding is 'the underlying nature of the suit.'" TXO Prod. Corp. v. Stanton, 1992 OK CIV APP 101, ¶ 4, 847 P.2d 821 (quoting Burrows Constr. Co. v. Independent Sch. Dist. No. 2, 1985 OK 57, ¶ 8, 704 P.2d 1136). Suburban's action was not one to enforce a restrictive covenant, but to reform the deed to conform to a prior agreement. Any exception to the American Rule "is 'carved out with great caution,' and any statute authorizing attorney fees is strictly construed." Brisco v. State ex rel. Bd. of Regents of Agric. & Mech. Colleges, 2017 OK 35, ¶ 9, 394 P.3d 1251 (quoted citation omitted). The Supreme Court has instructed "attorney fees may only be awarded if the case 'falls clearly within the express language of the authorizing statute.'" Id. (quoted citation omitted). Strict construction is required when examining statutes authorizing attorney fees and "exceptions to the American Rule are carved out with great caution because liberality of attorney's fees awards against the non-prevailing party have [sic] a chilling effect on open access to the courts." Eagle Bluff, L.L.C. v. Taylor, 2010 OK 47, ¶ 16, 237 P.3d 173.
 
 ¶18 With these principles in mind, we must conclude Suburban's action does not fall within the ambit of 60 O.S.2011 § 856 because its action, although successful, was to reform the Deed of Dedication, not to enforce a restrictive covenant. Because Suburban has cited no other statutory or contractual basis to support its quest for attorney fees and costs, we conclude the trial court correctly denied Suburban's request. Seeing no error in the trial court's decision, we need not address Suburban's remaining arguments.
 
 CONCLUSION
 
 ¶19 We continue to adhere to the American Rule in deciding the issue presented in this appeal. Suburban's underlying action for reformation does not give rise to attorney fees and costs pursuant to 60 O.S.2011 § 856. Accordingly, we affirm the trial court's decision denying Suburban's application for attorney fees and costs.
 
 
 ¶20 AFFIRMED.
 
 
 
 BARNES, J., and HIXON, J. (sitting by designation), concur.
 
 
 
 FOOTNOTES
 
 
 [1] The Deed of Dedication covenants and paragraph D.1. are part of the Plat document and identified as a Deed of Dedication and Covenants. There is also a separate Deed of Dedication instrument which has the paragraph D.1. Suburban's Ex. 4.
 
 
 
 [2] In our Opinion in Case No. 118,349 we said: "One function of the plat is to provide a 'map' of the platted property showing streets, easements, and lots and blocks with dimensions. 11 O.S.2011 §§ 41-101, 41-108. One function of the deed of dedication is to convey the streets and public easements to the municipality, although the recorded plat does likewise. 11 O.S.2011 § 41-109."
 
 
 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1992 OK CIV APP 101, 847 P.2d 821, 64 OBJ 679, TXO Production Corp. v. Stanton
Discussed
 2003 OK CIV APP 86, 78 P.3d 961, RYAN v. RYAN
Discussed
 2010 OK CIV APP 75, 240 P.3d 16, AMUNDSEN v. WRIGHT
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1938 OK 151, 77 P.2d 535, 182 Okla. 321, TULOMA PIPE & SUPPLY CO. v. TOWNSEND
Discussed
 1965 OK 129, 405 P.2d 993, DENNIS v. AMERICAN-FIRST TITLE AND TRUST COMPANY
Discussed at Length
 2003 OK 35, 67 P.3d 339, FINNELL v. JEBCO SEISMIC
Discussed
 2006 OK 35, 172 P.3d 193, HAWORTH v. JANTZEN
Discussed
 2007 OK 12, 160 P.3d 936, OKLAHOMA ONCOLOGY & HEMATOLOGY P.C. v. US ONCOLOGY, INC.
Discussed at Length
 2010 OK 47, 237 P.3d 173, EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed
 2017 OK 35, 394 P.3d 1251, BRISCO v. STATE ex rel. BD. OF REGENTS AGRICULTURAL AND MECHANICAL COLLEGES
Discussed
 2020 OK 90, 480 P.3d 271, COMANCHE NATION OF OKLAHOMA v. COFFEY
Discussed
 2000 OK 55, 11 P.3d 162, 71 OBJ 3219, BARNES v. OKLAHOMA FARM BUREAU MUTUAL INS. CO.
Discussed
 1985 OK 57, 704 P.2d 1136, Burrows Const. Co. v. Independent School Dist. No. 2 of Stephens County
Discussed
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 41-101, Survey and Plat for Subdivisions or Proposed Municipality
Cited
 11 O.S. 41-109, Donations and Grants Shown on Plat Deemed Conveyances - Title to Streets, Alleys, etc.
Cited
 11 O.S. 41-111, Penalty for Sale of Lots Before Compliance
Cited
 11 O.S. 42-106.1, Amending Restrictive Covenant
Discussed
Title 60. Property
 Cite
Name
Level

 60 O.S. 856, Right of Owner of Property in Real Estate Development to Bring Action Against Other Owners
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA